Michael G. **HEITMAN**, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. WD 33179.**

Missouri Court of Appeals, Western District.

Dec. 21, 1982.

Susan Chapman, Public Defender, Platte City, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J. and PRITCHARD and DIXON, JJ.

PRITCHARD, Judge.

In this Rule 27.26 proceedings, appellant seeks to have vacated his convictions, by the verdict of a jury, for burglary and stealing, for which consecutive sentences of eight and five years respectively, were imposed. The convictions were affirmed on appeal, *State v. Heitman*, 589 S.W.2d 249 (Mo. banc 1979). The real thrust of appellant's contentions is contained in his Point III that his trial counsel was ineffective for failing to execute his timely request for an application for disqualification of the trial judge "even though trial counsel had been informed that appellant had substantial reason to believe that the trial judge was prejudiced against him." A chronological sequence of events, including granted changes of venue and an *oral* application made on the day of trial for change of judge is set forth at page 255 of *State v. Heitman*, supra, which held, in the circumstances presented, that it was not error for the trial judge to refuse to disqualify himself.

It is far from clear in the record whether appellant made a request of his counsel that he file an application to disqualify the trial judge, or if so, when it was done. Counsel

testified: "Q. At any time did Michael Heitman request that you file a motion to disqualify Judge Connett from sitting in the case, the burglary case? A. We discussed the matter of disqualification as we—in the change of venue several times, and we had together decided to leave it with Judge Connett and it wasn't until the day of trial that Mike wanted the change at that time, and I then told him that the best thing he can do was put it on the record himself. Q. And Michael Heitman did put it on the record? A. Yes, the day of the trial in Platte City." The motion to disqualify was not granted because it was not timely filed. Appellant maintained that he had wanted to disqualify Judge Connett all along, and had so told his counsel at an earlier time. Assuming appellant's version of his request of counsel to be correct, the matter is further complicated by the requests for and granting of changes of venue previously made to and granted by Judge Connett—first, from Buchanan County on December 3, 1976, to Clinton County, of which counsel complained on the previous Friday, so also on December 6, 1976, the court accommodated appellant and transferred the case to Platte County. According to counsel, appellant was ordered to trial on December 6, and appeared; he was again ordered to trial on December 7, and appeared; and when the case was tried on December 8, he was ready to go to trial, at which time the oral application to disqualify the judge was made. Counsel told the court then that the matter of [not] filing the formal application for disqualification of the judge "was a matter of what you might call tactics or strategy. When the application for change of venue was granted, and as I stated to the Court on December 3rd late in the afternoon, I assumed just by going on past experience, with it being sent to another county, we would have sufficient time to file the formal five-day notice. However, that was quashed when I was informed by the Court we would definitely go to trial Monday or Tuesday, and then the matter has been continued and finally getting to trial on Wednesday. If there had been any indication to counsel at all that time, and counsel had not been ordered to trial, and the application for disqualification could have been filed on December 3rd, formal application, we would have barely, but we would have fallen within the five-day notice, this being December 8th." The foregoing is from the original trial transcript which was before the court in this proceeding. Appellant testified herein: "A. At that time Mr. Duty and I discussed the change of venue and Mr. Duty felt that it would be best to leave it with Judge Connett until such time as the change of venue was granted and then ask for a disqualification of judge, and I told him I didn't care how he done it as long as he got it done."

■ It is clear that the decision to await an application to disqualify the judge until changes of venue were awarded (and other pretrial motions such as one to suppress evidence) was a matter of trial strategy— here to get a ruling deemed favorable on change of venue from Judge Connett then to move thereafter to disqualify him in the new county. The strategy fell awry because counsel could not know that the case would be set for trial so soon in the new county that there would be insufficient time to file a formal application. All this amounts to is a mistake of judgment which does not render counsel incompetent or ineffective. *Seales v. State,* 580 S.W.2d 733, 735 (Mo. banc 1979), adopted the standard for effectiveness of counsel set forth in the there cited and quoted case of *Reynolds v. Mabry,* 574 F.2d 978, 979 (8th Cir.1978), " 'as that degree of performance which conforms to the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances.' " And, importantly here, " 'Finally, the exercise of reasonable judgment, *even when hindsight reveals a mistake in that judgment, does not render a lawyer negligent or lacking in competence in rendering his services.'* " [Italics added.]

Appellant's Point I, under which there is no citation of authority, posits that the trial court erred by interpreting his "sincere, timely request for an application for disqualification of the trial judge as a strategic maneuver by trial counsel on appellant's behalf." The point ignores appellant's own testimony, supra, that he and his counsel agreed to leave the case with Judge Connett until the change of venue was granted and thereafter to seek his disqualification. This action was clearly a strategic maneuver which did not turn out, and the trial court did not err in so treating it.

Point II is that the trial court erred in finding that there was no evidence in the record to indicate that the trial judge was prejudiced against appellant. He says that there was such evidence of bias and prejudice, in that the record shows that he feared Judge Connett because he had known appellant most of his life; he had appeared five times before him in criminal cases; his codefendant had successfully disqualified Judge Connett on the same basic charges; and Judge Yeaman, regular Circuit Judge of Platte County, had indicated he would (pursuant to plea bargaining) accept appellant's guilty plea and would sentence him to a term of 8 years total.

The facts that appellant's codefendant made a *timely* and successful motion for disqualification of the trial judge does not show prejudice, because under the rules, one such change of judge is allowed. The fact that one judge indicated a lighter sentence on a guilty plea, does not show prejudice of the trial judge against a defendant who chooses to go to trial before a jury on his not guilty plea. The fact that Judge Connett had previous contacts with appellant in criminal matters does not show his personal prejudice in this case. Note that this matter was gone into on direct appeal at page 255 of *State v. Heitman,* supra, as to Judge Connett's personal views toward appellant. See also *Joiner v. State,* 621 S.W.2d 336, 339 (Mo.App.1981), holding that the fact that on a trial for burglary and stealing, the fact that the trial judge had presided over previous murder trials of movant and his cousin, did not show bias and prejudice. The Joiner Court further noted that the denial of a motion to disqualify the judge on the day of trial was a matter for direct appeal, which was here so considered and overruled which ends the matter.

None of appellant's points entitled him to relief, and the order overruling his motion is not clearly erroneous.

The judgment is affirmed.

All concur.