**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Fieldlin SANDLIN,
Defendant-Appellant.**

No. 49574.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 3, 1985.

Motion for Rehearing and/or Transfer
Denied Dec. 31, 1985.

Application to Transfer Denied
Feb. 18, 1986.

Michael R. Radosevich, Holly Simons, Columbia, for defendant-appellant.

John Munson Morris, Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, Fieldlin Sandlin, was jury-tried and convicted of sodomy, § 566.060 RSMo Cum.Supp.1982. He was sentenced to eleven years imprisonment. Defendant contends on appeal the trial court erred in: (1) admitting evidence of prior sexual acts for which defendant had not been charged; and (2) allowing the State to cross-examine defendant's witnesses to determine which party asked the witnesses to testify at trial. Affirmed.

The facts are recited in the light most favorable to the State. On June 23, 1984, defendant and his twelve and ten year old daughters were at defendant's home watching television. Defendant was sitting on the couch next to the twelve year old. Defendant picked her up, placed her on his lap and placed a blanket over both of them. Defendant removed his daughter's pants and underwear, unzipped his trousers and committed an act of sodomy upon her.

On June 24, 1984, defendant's daughters were playing in the family automobile while the family was visiting a friend. Defendant joined the children in the automobile and again placed the twelve year old on his lap. He covered both of them with coats, removed her pants and underwear, unzipped his trousers and committed an act of sodomy on her.

Defendant was charged only with the act of sodomy committed on June 24, 1984. He claims the trial court erred in allowing evidence of the act of sodomy committed on the previous day for which he was not charged. Proof of a separate crime is inadmissible unless it has a legitimate tendency to establish the defendant's guilt for the crime charged and to establish motive, intent, absence of mistake or accident, a common plan or the identity of the defendant. *State v. Collins,* 669 S.W.2d 933, 936 (Mo. banc 1984). [Sale of marijuana]. However, it is well settled that in a prosecution of sexual offenses, evidence of prior sexual acts between the victim and the defendant are admissible even though they constitute proof of the commission of separate crimes. *State v. Williams,* 654 S.W.2d 215, 217 (Mo.App.1983). The court in *State v. Worthington,* 582 S.W.2d 286 (Mo.App.1979) stated:

> The evidence of prior sexual incidents was admissible (even though they could be said to constitute prior crimes) as proper evidence to show the probability that the specific acts charged had been committed and to show the relationship of the parties involved. The evidence formed a basis of antecedent probability or corroboration.

*Id.* at 291.

The evidence of the acts defendant committed against his daughter on the day before the crime charged were properly admissible to corroborate the crime charged and to show the probability that the crime had been committed. The circumstances of the charged and not charged acts were separated by less than one day and were so similar that they tended to prove the charged crime.

Defendant's second point alleges the trial court erred in overruling defendant's objection to the State's cross-examination of defendant's witnesses as to who caused them to appear as a witness. The question to each of three witnesses was, in substance, "Who asked you to be a witness here today?" The answer was, "The Sandlins," "Mr. Woods," [I was supoenaed] or "I don't know." Defendant claims this line of questioning was irrelevant and immaterial because appellant has a constitutional right to compel attendance of witnesses in his behalf, and the State's question was to unduly disparage defendant's right in this regard. We disagree.

The questions were addressed to witnesses who were close friends of the defendant and to his brother. The answers were predictable and not inherently prejudicial. Permitting the answers was not an abuse of discretion and was within the sound discretion of the trial court in controlling cross-examination. *State v. Hemphill,* 669 S.W.2d 633, 635–636 (Mo.App. 1984). Interest or bias of a witness and his relation to or feeling toward a party are never irrelevant matters. *State v. Edwards,* 637 S.W.2d 27, 29 (Mo.App.1982).

**50**

The relevance of the question in terms of establishing interest or bias depends upon the answer, but it also depends upon the relationship of the witness to the party for whom the witness testifies. A witness who appears because of friendship or relationship and at the request of a party, may exhibit an interest or bias which is a proper matter for the jury in determining either credibility or in passing upon weight to be given to the testimony of such witness. *See Clayton v. St. Louis Public Service Co.*, 276 S.W.2d 621, 624 (Mo.App.1955). We find no prejudice in permitting the questions to and answers from witnesses who were close friends or relatives. Particularly, we find no infringement on defendant's right to call witnesses for the defense. Because of the friendship and relationship of the witnesses the cross-examination question added nothing prejudicial to the defendant's position.

We reject both contentions of error. The judgment and sentence is affirmed.

SIMON and GARY M. GAERTNER, JJ., concurs.