STATE of Missouri,
Plaintiff–Respondent,

v.

James WALKER, Defendant–Appellant.

No. 53424.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 10, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 8, 1988.

Application to Transfer Denied
July 26, 1988.

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Karen Ann King, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, James Walker, appeals his conviction, after a jury trial, of murder in the first degree. Section 565.020, RSMo (1986). He was sentenced to life imprisonment without probation or parole. We affirm.

Defendant claims the trial court erred: (1) by allowing the State to use his extrajudicial statement to impeach his trial testimony; (2) by submitting a second degree murder instruction that prejudicially deviated from MAI–CR3d; and (3) by not grant-

ing defendant a new trial based upon juror misconduct.

Defendant does not challenge the sufficiency of the evidence. On June 7, 1986, defendant went to the apartment of his former girlfriend. While at the apartment defendant quarreled with her new boyfriend, Jimmy Price. A struggle ensued in which defendant was shot twice and Price was fatally wounded.

Defendant first contends that the trial court erred by permitting the State to use his extrajudicial statement to impeach his trial testimony. He argues that the statement was involuntary because he was given incomplete Miranda warnings and because the conditions under which his statement was given were inherently coercive.

Defendant's statement was not introduced by the State during its case in chief. When defendant testified he was asked on direct examination if he recalled talking to any police officers after he was taken to the hospital. He replied, "I don't recall talking to them." On cross-examination the State asked defendant, "You remember Detective Zipf coming and talking to you at the hospital?" At this point defense counsel objected and asked for a ruling on his pretrial motion to suppress the statement. The court overruled the objection. The State then asked defendant if he recalled saying, "I shot him once and started to run. I heard the gun go off two more times. I ran home." Defendant replied, "No, sir, I don't."

Officer Zipf was called as a witness in rebuttal by the State. He testified to an out-of-court statement made to him by defendant that was inconsistent with defendant's trial testimony.

▋ Clearly, an involuntary statement made by a defendant cannot be used for impeachment and rebuttal. *See State v. Sager,* 600 S.W.2d 541 (Mo.App.1980). The issue of involuntariness was arguably raised by defendant in his objection during the State's cross-examination. The defendant, however, stated that he did not recall making a statement to Officer Zipf. Thus, the statement was not introduced into evidence during the defendant's testimony.

When Zipf actually testified in rebuttal to the statement, defendant objected on the basis of improper rebuttal testimony. He argued that defendant could not be impeached because he had not denied making the statement. At that time, defendant did not raise the issue of the voluntariness of the statement.

"[A]n objection stating the grounds must be made at the time the evidence is sought to be introduced, the same objection must be set out in the motion for new trial and must be carried forward in the appeal brief in order to preserve it." *State v. Pospeshil,* 674 S.W.2d 628, 632 (Mo.App.1984). Assignments of error cannot be broadened or changed by raising them for the first time in an appeal brief. *Id.*

▋ Because defendant did not raise the issue of the voluntariness of his statement when it was introduced into evidence, he has not preserved that issue for appellate review. In addition, there is ample testimony in the record by Officer Zipf attesting to the voluntariness of defendant's statement. Defendant's first point is denied.

▋ Defendant next claims the trial court erred by submitting a second degree murder instruction that prejudicially deviated from MAI–CR3d. Defendant did not object to the instruction either at trial or in his motion for new trial. Consequently, nothing pertaining to the instruction is preserved for appellate review. *See State v. W. __ F. W. __,* 721 S.W.2d 145, 152 (Mo. App.1986). Defendant is therefore confined to plain error review. Rule 30.20.

▋ In this case the jury was instructed to consider second degree murder only if they found the defendant not guilty of murder in the first degree. We presume the jury followed the instructions as given. *State v. Preston,* 673 S.W.2d 1, 7 (Mo. banc 1984). Because defendant was convicted of first degree murder, the jury never reached the issue of whether defendant was guilty of murder in the second degree. As a consequence any deviation in the second degree murder instruction was not prejudicial. Defendant's second point is denied.

In his final point, defendant claims the trial court erred by not granting him a new

trial because a juror discussed the case, before submission to the jury, with a person not a member of the jury.

■ Granting a new trial based upon juror misconduct is within the discretion of the trial court and a ruling thereon will not be disturbed absent an abuse of discretion. *State v. Rogers,* 686 S.W.2d 472, 479 (Mo. App.1984). Juror misconduct before submission imposes a presumption of prejudice which requires a verdict to be set aside unless the State affirmatively shows that the jurors were not subject to improper influences. *State v. Harvey,* 730 S.W.2d 271, 275 (Mo.App.1987).

■ At the hearing on defendant's motion for new trial, the only evidence on the issue of juror misconduct was submitted in the form of an offer of proof. Neither party presented any other evidence. Defendant's attorney stated that a Charles Pickens would testify:

> [T]hat he was out in the hall, outside Division 21, and that one of the two jurors said to him that she thought the little man was fighting for his life, and that he wasn't guilty, and that the little man was just trying to get away.
>
> He would also say that he did not initiate this conversation and that he in fact did not know it was James Walker's case that the women was talking about until sometime later on in the afternoon.

The trial court found no improper influence upon the jury and denied defendant's motion.

We find no abuse of trial court discretion. The statement, if anything, showed a bias in favor of defendant because the juror expressed the opinion that defendant was not guilty. The presumption of prejudice was rebutted by the content of the statement. Defendant's final point is denied.

Defendant's conviction is affirmed.

SIMON, P.J., and GRIMM, J., concur.