**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Jack OWENS, Defendant–Appellant.**

No. 15433.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 6, 1988.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Tim Wynes, Columbia, for defendant-appellant.

PREWITT, Judge.

Following trial by jury defendant was convicted of sodomy and sentenced to twelve years' imprisonment. The charge alleged that defendant committed this crime upon his thirteen-year-old stepdaughter in August of 1985.

In his first point defendant contends that the trial judge erred because he failed to disqualify in this case. Rule 32.07 gives a party an absolute right for a change of judge upon compliance with that rule, and Rule 32.09(c), provides that a judge can order a change of judge "when fundamental fairness so requires." The trial judge denied defendant's motion under Rule 32.07 because it was not timely and refused to otherwise disqualify because of actual prejudice saying that he was not prejudiced against defendant.

After preliminary hearing an information was filed in the circuit court on May 12, 1986. On that date defendant was arraigned and entered a plea of not guilty. After various discovery motions and other proceedings, on September 15, 1986, defendant withdrew his plea of not guilty and entered an "Alford" plea of guilty. See North

Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Defendant was sentenced to five years' imprisonment.

Defendant then filed a motion under Rule 27.26 (since repealed). The trial judge, before whom he entered the guilty plea, and who presided over the trial of this matter, was disqualified to hear the motion pursuant to an application for change of judge. After a hearing by a different circuit judge, the motion to set aside the conviction and sentence was sustained and the judgment of conviction set aside. An appeal was taken by the state but not perfected and was dismissed by this District of the Court of Appeals. The order dismissing the appeal was received by the circuit clerk's office on July 1, 1987.

On August 17, 1987, defendant filed a joint application for change of judge and change of venue in this matter. On August 28, 1987, the application was denied. Rule 32.07 provides that in felony cases an application for change of judge "must be filed not later than thirty days after arraignment". Defendant contends that this time should "run anew" when the judgment is set aside. We are cited to no authority that indicates that a new arraignment has to be held or that there is an additional thirty days to file a request for change of judge after the judgment is set aside, or an appeal dismissed from the setting aside of that judgment. We note that the request for change of judge was not filed within thirty days from either of those events.

■ An application for change of judge not timely filed is properly denied on that basis by the trial court. State v. Harris, 670 S.W.2d 73, 77 (Mo.App.1984). See also State v. VanSickel, 675 S.W.2d 907, 909 (Mo.App.1984) (change of judge in felony cases must be filed not later than thirty days after arraignment).

■ Where bias and prejudice are actually present, it is error for a trial judge not to recuse himself, even if the request is not timely made. See State ex rel. O'Brien v. Murphy, 592 S.W.2d 194, 195 (Mo.App. 1979). See also State v. Lovelady, 691

S.W.2d 364 (Mo.App.1985). However, whether fundamental fairness requires a judge to disqualify under Rule 32.09(c) is a discretionary matter best left to the trial judge. *State v. VanSickle,* supra 675 S.W.2d at 909, 910.

 That a trial judge has previously made adverse rulings against a party or had previous contact with the defendant in criminal matters does not establish prejudice. See *State v. Hoeber,* 737 S.W.2d 484, 486 (Mo.App.1987); *Molasky v. State,* 710 S.W.2d 875, 879 (Mo.App.1986); *Heitman v. State,* 643 S.W.2d 885, 888 (Mo.App. 1982). The trial judge stated that he was not prejudiced against defendant. A review of the record supports this.[1] Defendant's application for change of judge was not timely and defendant has not otherwise established bias or prejudice on the part of the trial judge. Point one is denied.

 In his second point defendant contends that certain statements he made were inadmissible as a violation of his right not to incriminate himself and his right to counsel as provided for in the fifth, sixth and fourteenth amendments to the United States Constitution and Art. I, §§ 18(a) and 19 of the Missouri Constitution. His motion to suppress the statements was denied and, over objection, the statements were placed before the jury.

On August 27, 1986, pursuant to an arrangement between his attorney and the prosecuting attorney, defendant appeared before Missouri Highway Patrol Corporal John Bickers to have a polygraph examination taken in regard to the allegations against him. Bickers testified at the hearing on defendant's motion to suppress that he informed defendant of his rights pursuant to a "Waiver and Release for Polygraph Examination" which was offered in evidence. It includes the rights required before interrogation by *Miranda v. Arizona,* 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966). Following a "pretest" interview Bickers determined that he could not give defendant the test because he "wasn't an appropriate subject." Bick-

ers said that defendant "was defensive at times, and he didn't appear to me to, uh, absorb the material I was trying to relay on to him in reference to instructions for him in taking the test." He said that defendant's "mannerisms weren't, uh, typical with a truthful person."

Bickers then left the room, talked to two persons outside and then returned and started talking to defendant about the charge. Bickers told defendant "that if he was responsible of what he had been accused of, that, uh, he should make admission of it." He said that defendant replied that he "didn't want to talk with me concerning certain issues of his step-daughter, because he was, uh, fearful that he might, uh, get in some type of trouble."

Bickers said that then "once again, you know, I told him that if he was responsible for what he was charged with and accused of, he should, uh, admit this to himself and to others, and, uh, the possibility that he might, uh, because of the charges and the nature of the charges that he might want to solicit for certain professional help." Defendant then proceeded to admit certain sexual contact with the stepdaughter.

Unless there is a valid waiver of the right to counsel, when government agents "deliberately elicit" statements from a defendant after he is charged in the absence of his counsel, a violation of the Sixth Amendment has occurred. *United States v. Henry,* 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980); *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). See also *State v. Witt,* 422 S.W.2d 304, 309 (Mo.1967).

In a similar case it has been held that further inquiry of a defendant regarding his answers following a polygraph examination did not violate either his Fifth Amendment or his Sixth Amendment rights under the Federal Constitution. *Wyrick v. Fields,* 459 U.S. 42, 103 S.Ct. 394, 74 L.Ed. 2d 214 (1982); *Fields v. Wyrick,* 706 F.2d 879 (8th Cir.1983). Based on these decisions, no violation of defendant's Fifth or

---

1. With the possible exception of the incident set forth hereafter in discussing defendant's fourth point. However, there we find no prejudice to defendant.

Sixth Amendment rights or those under the Art. I, §§ 18(a) and 19 of the Missouri Constitution occurred. The trial judge was justified in finding that these rights had been effectively waived. Point two is denied.

■ For his third point defendant contends that the trial court erred in failing to sustain his challenge for cause to a venireperson because that person indicated that he may weigh a state witness's testimony differently than he would other witnesses.

We do not agree that the venireperson necessarily so indicated. He said that he knew two of the proposed witnesses after a list of them was read to the jury panel. One of them testified for the state in rebuttal and one for the defendant in surrebuttal. When asked by defendant's attorney, "Do you feel as though you would not be in a position to judge the testimony of either Betty Jessip or Tina Gunlock, uh, and apply the same criteria to determine whether they are telling the truth as you would any other person?" the venireperson replied, "I do not believe so."

■ Since the question was asked in the negative, the answer is saying that the venireperson could judge the witnesses' testimony the same as any other witness. At least the trial judge could have so found. In ruling on a challenge of a venireperson for cause, the trial court has wide discretion in evaluating his qualifications, and its ruling will not be disturbed in the absence of clear abuse of discretion. *State v. Murphy*, 739 S.W.2d 565, 569 (Mo.App. 1987). Where the decision turns on the demeanor of the venireperson, and what he says, we defer to the decision of the trial court. Id. See also *State v. Young*, 701 S.W.2d 490, 496 (Mo.App.1985) (trial court in a better position to evaluate and interpret answers of venireperson). We find no abuse of discretion here. Point three is denied.

■ Defendant contends in his fourth and final point that the trial judge erred in failing to remain neutral and detached and that he manifested partiality when he in-structed the prosecutor to cross-examine defense witness Betty Jessip. In voir dire it was stated that Jessip had previously been employed by the juvenile court and was now secretary of a Jasper County circuit judge.[2]

In cross-examining Jessip the assistant prosecuting attorney asked her if it would help her recollection of statements that defendant allegedly made to Bickers after the polygraph test was not given if she reviewed a report that was in the juvenile court files. She replied, "Possibly". The prosecutor then asked for time to obtain that report. The judge held a recess and out of the hearing of the jury told the assistant prosecutor to "find that file, and let Betty refresh her memory. Once again, she's proven her incompetence."

Apparently the file was found and the report shown to her. Just before the end of the recess the assistant prosecutor told the trial judge that there was nothing further he could ask her because the report "doesn't refresh her recollection." The trial judge responded, "We're going to put her on the stand, and she's going to get to prove her incompetency in front of everybody if this doesn't refresh her memory. Uh, and it's, of course, also a prior inconsistent statement with the position she's taking at this time." Thereafter Jessip returned to the witness stand and testified that the statement she had written and her notes that were in the juvenile court file did not refresh her recollection as she did not personally hear defendant make the statements she had written down.

Defendant relies primarily on *State v. Finley*, 704 S.W.2d 681 (Mo.App.1986). However, there the judge encouraged the prosecutor to ask questions which received an unquestionably harmful answer. Here it appears that the trial judge had a lack of respect for the witness and was more concerned with that than trying to affect the defendant's case. Although the judge should not have been involved to the extent he was, nothing prejudicial to defendant occurred. Nothing was thereafter brought

**2.** The judge who granted defendant's motion under Rule 27.26.

out by Jessip's testimony that was prejudicial to defendant. A trial judge's remarks or suggestions outside the presence of the jury do not prevent the defendant from having a fair and impartial trial. *State v. Newberry*, 605 S.W.2d 117, 124 (Mo.1980) This point is denied.

The judgment is affirmed.

FLANIGAN, P.J., and HOGAN and MAUS, JJ., concur.