**STATE of Missouri, Respondent,**

v.

**Melvin A. CHRISTESON, Appellant.**

**No. 54791.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 14, 1989.

M. Dwight Robbins, Fredricktown, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

GRIMM, Judge.

In this jury-tried case, defendant appeals his convictions of (1) first degree sexual

assault, § 566.040,[1] a class C felony; (2) first degree deviate sexual assault, § 566.070, a class C felony; (3) second degree sexual assault, § 566.050, a class D felony; (4) second degree deviate sexual assault, § 566.080, a class D felony; (5) two counts of incest, § 568.020, a class D felony; and (6) sodomy, § 566.060, a class B felony.

Defendant was sentenced to consecutive terms totalling forty-nine years. We affirm in part and reverse in part.

Defendant raises eight points of error. First, the trial court erred in overruling defendant's motion for a change of judge under Rule 32.09. We disagree, because there was no showing that the trial court abused its discretion. Second, the trial court erred in overruling defendant's motion for judgment of acquittal at the close of the State's case. We disagree, because defendant waived any error by presenting evidence following the close of the State's case; further, we find no plain error. Third, the trial court erred in permitting the State to present evidence of defendant's sexual acts with a person who was not a complaining witness. We disagree, because the evidence was admissible to show a common scheme or plan. Fourth, the trial court erred in permitting the State to present evidence of sexual acts which were not part of the acts charged. We disagree, because evidence of prior sexual acts between a victim and the defendant are admissible.

Fifth, "the trial court erred in permitting the introduction of irrelevant[,] inflammatory and prejudicial evidence, in that [a social worker] was asked to testify as to the results of an investigation of allegations that [defendant] had abused children and the trial court denied [defendant's] request for a mistrial." We disagree, because defendant waived his objection; further, the trial court did not abuse its discretion. Sixth, the trial court erred in admitting

hearsay evidence. We disagree, because the evidence was admissible as an admission against interest. Seventh, the trial court erred in denying defendant's request for a mistrial during the State's closing argument. We disagree, because there was no abuse of discretion. Eighth, plain error occurred because the verdict directing instructions on counts two and four "failed to require a finding that [defendant] had deviate sexual intercourse with any particular individual."[2] We agree, and reverse and remand the judgment on those two counts.

We view the evidence, together with all reasonable inferences, in the light most favorable to the verdict. *State v. Mallet*, 732 S.W.2d 527, 530 (Mo.banc 1987). S.[3] was born October 9, 1969. Her brother, C., was born June 1, 1971. In 1975, Dorothy Burt adopted S., C., and their older sister, J., who was born November 6, 1967. Dorothy married defendant in 1979.

In 1981, defendant, Dorothy, J., S., and C. moved to Washington County, Missouri. There, from January, 1984, to January, 1987, defendant sexually abused S. and C. repeatedly.

## I

In his first point, defendant alleges the trial court erred in overruling his motion for a change of judge. The motion was filed the day before trial began, seeking a change "in accordance with the procedures of Criminal Rule 32.09." Defendant claimed that the trial court should have ordered a change of judge as a matter of fundamental fairness. Defendant alleged that the trial judge, Stanley J. Murphy, "has heard evidence concerning the material facts of this case in a Juvenile Court action." Defendant presented no evidence on his motion; rather, he let it "speak for itself."

"Where bias and prejudice are actually present, it is error for a trial judge not to

---

1. All statutory references are to RSMo 1986.

2. In addition, defendant complains of the verdict directing instruction on Count III, saying that a sentence was omitted. Our review of that instruction discloses no omission, and his complaint is denied.

3. We have identified certain individuals by a first initial only.

recuse himself [or herself], even if the request is not timely made." *State v. Owens,* 759 S.W.2d 73, 74 (Mo.App.S.D. 1988). Yet, "whether fundamental fairness requires a judge to disqualify under Rule 32.09(c) is a discretionary matter best left to the trial judge." *Id.* at 75. The mere fact, however, that "a trial judge has previously made adverse rulings against a party or had previous contact with the defendant in criminal matters does not establish prejudice." *Id.*

Here, Judge Murphy stated that he had formed no bias or prejudice against defendant. A review of the record supports this. Defendant failed to establish the existence of any bias or prejudice. Accordingly, we find no abuse of discretion. Point denied.[4]

## II

■ Defendant's second point alleges the trial court erred in denying his motion for judgment of acquittal at the close of the State's case. Defendant contends the evidence was insufficient to support a conviction, because "the complaining witnesses could not testify in their own words as to what happened to them, and the acts charged were not corroborated by any other evidence."

Defendant, however, did not stand on that motion for judgment of acquittal. After the motion was denied, defendant presented evidence in his own behalf. As a result, he waived any error with respect to the denial of his motion. *State v. Maxson,* 755 S.W.2d 277, 280 (Mo.App.E.D.1988).

Even if we were to reach the merits of this point, we would find that the State made a submissible case. Defendant's contention that S. and C. "could not testify in their own words as to what happened to them" is without merit. S. and C. graphically described the numerous acts of sexual abuse to which they had been subjected.

Further, defendant's contention that "the acts charged were not corroborated by any other evidence" is likewise without merit. "The testimony of a victim is sufficient to sustain a sodomy conviction without other corroboration unless that testimony is so contradictory or in conflict with the physical facts, surrounding circumstances and common experience to be unconvincing." *State v. Evans,* 701 S.W.2d 569, 578 (Mo. App.E.D.1985). This rule is also applicable in cases of incest, *State v. McElroy,* 518 S.W.2d 459, 462 (Mo.App.S.D.1975), and second degree deviate sexual assault, *State v. Wilson,* 757 S.W.2d 622, 627–628 (Mo. App.W.D.1988). We find the rule equally applicable to the remaining charges in this case.

Here, no contradiction or conflict appears in either victim's testimony. Each testified convincingly with respect to the essential elements of the crimes charged. Corroboration, therefore, was not required; and the State made a submissible case. Point two is denied.

## III

■ In his third point, defendant asserts, "the trial court erred in permitting the State to present evidence of sexual acts of [defendant] with [J.,] who was not a complaining witness...." J. testified that defendant began sexually abusing her when she was very young, and that this abuse continued until she moved out of the home.

While "[e]vidence of similar sex crimes against other persons is inadmissible for purposes of showing propensity," such evidence "is admissible if it tends to establish motive, intent, identity, absence of mistake or accident, or a common scheme or plan." *State v. Kerr,* 767 S.W.2d 344, 345 (Mo. App.E.D.1989). Further, "[t]he current trend is to liberally allow the admission of evidence of prior sex crimes under one or more of the preceding exceptions." *Id.*

The prior sexual abuse about which J. testified was similar to the acts of sexual abuse for which defendant was being tried. These similarities included: (1) defendant frequently sodomized each step-child when the child was alone with him; (2) defendant

---

4. If defendant's motion was considered filed under Rule 32.07 instead of Rule 32.09, its filing was not timely. An application not timely filed is properly denied on that basis. *Owens,* 759 S.W.2d at 74.

began having sexual intercourse with each step-daughter when she was about ten-years old; (3) the sexual abuse took place in the house if Dorothy was not at home; and (4) if Dorothy was home, defendant would often take one step-daughter or the other into the woods and subject her to sexual intercourse.

This evidence demonstrated defendant's common scheme or plan to sexually abuse his step-children. Accordingly, J.'s testimony was properly admitted for that purpose. Point denied.

## IV

■ Defendant maintains in his fourth point that the trial court erred in permitting S. to testify to "sexual acts which were not part of the acts charged...."

"[I]t is well settled that in a prosecution of sexual offenses, evidence of prior sexual acts between the victim and the defendant are admissible even though they constitute proof of the commission of separate crimes." *State v. Sandlin*, 703 S.W.2d 48, 49 (Mo.App.E.D.1985). Such evidence is admissible " 'to show the probability that the specific acts charged had been committed and to show the relationship of the parties involved.' " *Id.* (quoting *State v. Worthington*, 582 S.W.2d 286, 291 (Mo. App.W.D.1979)). Point denied.

## V

■ In his fifth point, defendant asserts "[t]he trial court erred in permitting the introduction of irrelevant[,] inflammatory and prejudicial evidence, in that [a social worker] was asked to testify as to the results of an investigation of allegations that [defendant] had abused children...." Defendant further asserts the trial court erroneously denied his request for a mistrial.

The social worker was asked on direct examination if, after 1983, she had "occasion to investigate allegations of child abuse as a result of a hot line call to your office with regard to Dorothy and [defendant]." The social worker responded that in 1987, "we had a child abuse and neglect hot line report, which alleged sexual moles-

tation of his two step-children that were in the home." The prosecutor then asked, "Did you at that time talk—." Defense counsel object stating, "It has nothing to do with it. It's inflammatory. It has nothing to do with the case and [sic] immaterial and not relevant. It's inflammatory and I would ask for a mistrial, Your Honor." The trial court sustained the objection but overruled the request for a mistrial.

As a general rule, "an objection must be made at the earliest opportunity or it will be held to have been waived." *State v. Edwards*, 650 S.W.2d 655, 661 (Mo.App.E. D.1983). Defendant's objection came too late.

Moreover, even assuming defendant's objection was timely raised, we find no error. Although the trial court sustained defendant's objection, defendant did not request the question or response be stricken and the jury instructed to disregard it. A mistrial was the sole relief defendant requested.

" 'The declaration of a mistrial is a drastic remedy that should be employed only in extraordinary circumstances in which prejudice to the defendant can be removed in no other way.' " *State v. Schneider*, 736 S.W.2d 392, 400 (Mo. banc 1987), *cert. denied* 484 U.S. 1047, 108 S.Ct. 786, 98 L.Ed.2d 871 (1988) (quoting *State v. Davis*, 653 S.W.2d 167, 176 (Mo. banc 1983)). Further, the trial court is afforded discretion in deciding whether to declare a mistrial. *Schneider*, 736 S.W.2d at 400–401. We will not disturb that decision in the absence of an abuse of discretion. *Id.* at 401.

The trial court was in a better position to judge the prejudicial effect of the prosecutor's question and the social worker's response. We find no abuse of discretion in the denial of defendant's request for a mistrial. Point denied.

## VI

■ In point six, defendant alleges, "the trial court erred in permitting hearsay evidence to be introduced, in that [Dorothy's daughter-in-law] was permitted to testify as to contents of a purported letter from

[defendant] to [Dorothy] containing supposedly incriminating [sic] statements[,] but the testimony did not include any statements concerning the acts charged." Defendant has cited no case law for this point.

"[W]hen voluntarily made, defendant's statements which tend to incriminate and connect him with the crime charged and which manifest a consciousness of guilt are admissible as admissions against interest." *State v. Abercrombie*, 694 S.W.2d 268, 270 (Mo.App.S.D.1985). We conclude that defendant's incriminating statements in the letters to Dorothy sufficiently connected him to the crimes charged, and, thus, constituted admissions against interest.

Defendant's further allegation that the evidence violated the best evidence rule was not raised in his new trial motion. As such, it was not preserved for our review. *State v. Moesch*, 738 S.W.2d 585, 587 (Mo. App.E.D.1987). Point denied.

## VII

■ In his seventh point, defendant contends the trial court erred in denying his motion for mistrial raised during the State's closing argument. Defendant asserts the prosecutor improperly interjected her personal opinion of his guilt.

During closing argument, the prosecutor stated she interviewed each of the State's witnesses in her office prior to the trial. The prosecutor continued, "That is done for a reason; the prosecutor needs to investigate the case to be convinced that these allegations—." Defendant interrupted, objecting that this was "improper argument of [the prosecutor's] personal opinion of the guilt of the defendant." The prosecutor withdrew her comment, and the trial court instructed the jury to disregard it. Defendant requested a mistrial; this request was denied.

Again, the declaration of a mistrial is a drastic remedy. *Schneider*, 736 S.W.2d at 400. The decision whether to grant a mistrial is in the sound discretion of the trial court. *Id.* at 400–401.

Here, the prosecutor withdrew her improper comment, and the trial court instructed the jury to disregard it. We find no abuse of discretion in the trial court's choice of corrective action. Point denied.

## VIII

■ In his eighth point, defendant alleges plain error regarding verdict directing instructions 7 and 9, which submitted the deviate sexual assault offenses. He correctly asserts that the instructions "failed to require a finding that the [defendant] had deviate sexual intercourse with any particular individual."

Instructions 7 and 9 each begin:

As to Count II[IV], if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about June 1, 1985–January 6, 1987, [October 9, 1985–October 8, 1986] in the County of Washington, State of Missouri, the defendant had deviate sexual intercourse,....

MAI–CR 3d 320.10.2 and 320.12, dated 1–1–87, were the appropriate pattern instructions for these offenses at the time of defendant's trial.[5] Each instructs the user that paragraph First should be completed as follows: "the defendant had [*Describe acts constituting deviate sexual intercourse.*]".

In the introductory portion of MAI–CR 3d on "How To Use This Book," at page XLII the user is told, "Brackets contain directions concerning the use or completion of the instructions. These directions may instruct the user how to use specific words or phrases contained in the instruction. Or, they may be suggestions for the drafting of other appropriate language to be inserted in the instruction."

Applying this direction here, the user is told to describe "*acts constituting deviate sexual intercourse.*" The user must determine what sexual acts in the case to submit

---

**5.** MAI–CR 3d 320.10.2 and 320.12 were amended by Supreme Court order on March 9, 1989, effective July 1, 1989. The amendments, however, do not affect paragraph First of the instructions.

as a basis for a finding of guilt. Section 566.010 states that deviate sexual intercourse means "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." Thus, to describe such an act, the instruction must identify the defendant and the victim and describe the involvement of each. For example, in appropriate cases, paragraph First could conclude "the defendant put his penis in [name of victim] anus," or "the defendant put her hand on [name of victim] penis."

Here, instructions 7 and 9 merely said, "defendant had deviate sexual intercourse" without identifying either the act which constituted the offense or the victim. These instructions do not comply with MAI–CR 3d 320.10.2 and 320.12. The giving of an instruction in violation of MAI–CR 3d and applicable Notes on Use constitutes error, with its prejudicial effect to be determined. Rule 28.02(f).

■ Instruction 7 apparently meant to submit acts of deviate sexual intercourse with C., because paragraph Second refers to C. Instruction 9 apparently meant to submit acts of deviate sexual intercourse with S., because paragraph Third refers to S. The time of the occurrences, however, substantially overlap; instruction 7 covers June 1, 1985, to January 6, 1987, while instruction 9 covers October 9, 1985, to October 8, 1986.

Based on the instructions given, if the jury believed that defendant did some act constituting deviate sexual intercourse with S., the jury could have found defendant guilty under instruction 9. The jury, in addition, could have used that same act to find defendant guilty under instruction 7, even if the jury did not believe that defendant committed an act with C. which constituted deviate sexual intercourse. In other words, the jury could have found defendant guilty under each instruction even if the jury believed that defendant engaged in only one act of deviate sexual intercourse. The wording of the instruction allowed the jury to find defendant guilty of both counts without a finding of an act of deviate sexual intercourse with

each of the victims. As a result, the deviations in the instructions were prejudicial, and manifest injustice has resulted therefrom. Rule 84.13(c). Defendant's point is granted and defendant's convictions of deviate sexual assault on Counts II and IV are reversed.

## CONCLUSION

The judgments and sentences are affirmed as to Counts I, III, V, VI, and VII. The judgments and sentences as to Counts II and IV are reversed and remanded for new trial.

CARL R. GAERTNER, P.J., and HAMILTON, J., concur.