**STATE of Missouri, Plaintiff–Respondent,**

v.

**James STEVENS, Defendant–Appellant.**

No. 56317.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 20, 1990.

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from his conviction by a jury of second degree murder, § 565.021, RSMo 1986, and sentence by the court, as a prior offender under § 558.016, RSMo 1986, to life imprisonment. We affirm.

The state charged defendant with first degree murder, § 565.020.1, RSMo 1986; the court instructed the jury on first degree murder, second degree murder and involuntary manslaughter; the jury returned a verdict of guilty of second degree murder. It is undisputed that victim incurred the injuries causing her death while she was visiting defendant, her boyfriend, at his home. The medical examiner testified,

The cause of death was a combination of blunt trauma to the head, abdomen and all four extremities.... She had a hemorrhage underneath the surface of the scalp at the front part of the head. This measured about seven inches in diameter. She had a hemorrhage underneath the scalp on the back part of the head that was six inches in diameter. That was a total area. She had two bruises that were two inches in diameter each on her right arm. She had two bruises that were four inches in diameter each on her left arm, large bruises. She had a three-inch diameter bruise on the back part of her left hand and a small laceration on the back part of the hand about an inch in length. She had a four inch in diameter contusion on the back part of her abdominal wall, that is, the lower back area. And her entire—the front parts of both extremities from the hip all the way down to the ankle was (sic) one massive contusion. And the contusion on the left leg extended to the left buttock.

Defendant made a 911 call for assistance. One of the police officers who responded testified that defendant volunteered the following at the scene: "[H]e suspected her [victim] of stealing seventy dollars in rolled coins, and he whipped her to try and find out if she had in fact taken this, and he indicated the garden hose which he had used was downstairs...." He also testified that "[h]e [defendant] wasn't trying to kill her [victim]; [h]e was surprised that she had died." The police took defendant to the police station where he was given the Miranda warnings before making an oral statement and again before he made a taped statement. Defendant stated the beating had occurred in his home and repeated essentially what he had volunteered at the scene, but added that he had beaten victim off and on for about two and one-half hours. He denied striking victim on her head or upper body. Defendant testified to the same version of the events at trial, adding that victim had probably received the injuries to her arms while trying to ward off his blows and the injuries to her head when she fell two times. One of defendant's tenants and her friend both testified they saw part of the beating and that defendant had used a flashlight and bat in addition to the hose.

Defendant's principal point challenges the verdict director for second degree murder which the court submitted to the jury. Defendant asserts the instruction deviates from MAI-CR3d 313.04 by not including the same mental state submitted in the first degree murder verdict director and, to his prejudice, allowed the jury to reach a compromise verdict. The state admits the instruction did not comport with the Notes On Use but contends the error was not prejudicial.[1]

---

1. The argument in the state's brief includes the following:

The phrase contained in the murder first degree instruction was, "second, that it was defendant's purpose to cause the death of [victim]" (L.F. 32). This phrase should have been included in the murder second degree instruction in the alternative with the phrase that was submitted, "[T]hat it was the defendant's purpose to cause serious physical injury to [victim]." Failure to include the "purpose to cause the death" phrase in Instruction No. 6 was error, but [defendant] was not prejudiced

■ The giving of an instruction at variance with an applicable MAI–CR instruction and Notes On Use is error with its prejudicial effect to be determined judicially. Rule 28.02(c), (f), *State v. Christeson,* 780 S.W.2d 119, 125 (Mo.App.1989). Our review here is for plain error because defendant did not object to the instruction on the ground asserted here at trial or at all in his motion for new trial. *See* Rule 30.20, *State v. Walker,* 753 S.W.2d 44, 45 (Mo. App.1988).

The verdict director for first degree murder included only the following phrase for the mental state element:

Second, that it was the defendant's purpose to cause the death of [victim]....

The verdict director for the lesser included offense of second degree murder had only the following phrase for the mental state element:

Second, that it was the defendant's purpose to cause serious physical injury to [victim]....

The note on use to MAI–CR3d 313.04 addressing which phrases setting forth the requisite mental states are to be used in part states,

(a) If murder in the second degree-conventional is submitted as a lesser degree offense of murder in the first degree, the phrase or phrases contained in [the first degree murder verdict director] must also be used in [the second degree murder verdict director] except that [the phrase "that it was the defendant's purpose to cause serious physical injury to (or to cause the death of) [*name of victim*]"] may be added [if supported by the evidence].

MAI–CR3d 313.04, Notes On Use, 3(a).

■ Both verdict directors as given were supported by the evidence. The error in

the second degree murder verdict directing instruction, however, instead of prejudicing defendant, worked in his favor. Under the erroneous instruction the jury could have convicted defendant of second degree murder only if it found he had the "purpose to cause serious physical injury to [victim]." If properly instructed, however, the jury could have convicted him if it found he had the "purpose to cause the death of [victim]" *or* the "purpose to cause serious physical injury to [victim]." Thus, under the instructions given here, a juror could not have found defendant guilty of second degree murder if that juror did not find defendant had the intent to cause serious physical injury to victim, *even if he found that defendant had the intent to kill her.* It appears to us that if the error had been properly preserved, it would have been harmless. In any event, under the facts here which show a strong case, defendant suffered neither manifest injustice nor from a miscarriage of justice. Point denied.

Defendant's other point is an assertion that

[t]he trial court erred in considering testimony of the victim's mother in sentencing [defendant] because [defendant] was denied due process of law in that it was not disclosed to him that the mother would testify and he had no opportunity to prepare to meet the testimony about the victim's daughter and the burden on the family.

The point is meritless. During trial victim's mother testified, without objection, that she last saw victim when victim went to the bus to get *her daughter* who was returning from school. At sentencing vic-

---

by this error and the error certainly did not produce manifest injustice.

Had the "purpose to cause death" phrase been included in Instruction No. 6, the jury could have convicted [defendant] of second degree murder if they found that [defendant] either intended to kill the victim or intended to cause serious physical injury to the victim. The requisite element for conviction of second degree murder "is that the defendant either specifically intended to kill *or* specifically intended to do great bodily harm." *State v.*

*Bohlen,* 690 S.W.2d 174, 176 (Mo.App.1985) (emphasis in original). *See also State v. Mannon,* 637 S.W.2d 674, 679 (Mo. banc 1982). Since [defendant] could be convicted of second degree murder if the jury found either intent present, there was no harm in the State's failure to include the "purpose to cause death" phrase in the instruction. The jury found that [defendant] intended to "cause serious physical injury," and there was evidence in the record to support this finding.

tim's mother stated, as permitted by § 595.209, RSMo 1986, that the killing was senseless and that victim had a nine-year-old daughter. She also said she hoped "he [defendant] gets as much as he can get...."

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.