STATE of Missouri, Respondent,

v.

William M. KERR, Appellant.

No. 54650.

Missouri Court of Appeals,
Eastern District,
Division One.

March 7, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 3, 1989.

Daniel V. O'Brien, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from his jury conviction of sodomy for which he was sentenced to five years' imprisonment. We affirm.

On February 17, 1987, at around 10 a.m., K.M., who was three and one-half years old, asked her mother if she could go to "Paul's house." Her mother knew Paul to be Paul Kerr, a child who lived nearby. K.M. walked to the house by herself, and found Paul was not at home. A person K.M. described as "Paul's dad" answered the door. He was home alone.

At this point, the evidence differs as to what occurred. Defendant, the father of Paul Kerr, asserts he was leaving as K.M. arrived and he told her the kids were not at home. A police officer testified in rebuttal that during questioning defendant stated he had been taking a shower when K.M. came to the door, and he answered the door with a towel wrapped around him. He stated the child was in the house for ten to fifteen minutes and admitted he had candy and peanuts in the house. K.M. testified she went inside the house and watched television on "Paul's dad's lap." She denied he touched her at this time.

K.M. came home around 10:20 and told her mother Paul was not home but his dad had given her peanuts and candy. Later that day when K.M.'s mother was bathing her, K.M. complained that her bottom hurt. Her mother noticed K.M.'s vagina was irritated, and applied medication to K.M.'s vagina and rectum.

During dinner that evening, K.M. again complained that her bottom hurt and told her parents "Paul's dad put his finger in my bottom." K.M.'s parents notified the police and took K.M. to a doctor. The doctor did not testify at trial, but the medical report was entered into evidence. The doctor found "mild vulvar erythema, no lacerations or bruising, no discharge. Essentially traumatic." The diagnosis was "Possible sexual abuse—digital manipulation most likely."

In his first point on appeal, defendant argues the trial court erred in overruling his objections and allowing the State to introduce evidence of a separate act of sodomy. Defendant asserts the evidence was inadmissible evidence of other crimes not falling within an exception to the general rule and further asserts the evidence was unreliable because it was brought out through the testimony of defendant's estranged wife. The State asserts the testimony was admissible to show defendant's motive as well as his common scheme or plan to satisfy his depraved sexual instinct by sodomizing little girls.

Defendant's estranged wife was permitted to testify, over objection, that she saw defendant rubbing his penis with the hand of a small girl she was baby-sitting in October of 1985. This incident first came to light in October of 1987 when Mrs. Kerr reported the incident to the prosecuting attorney preparing this case and the child's mother.

Evidence of similar sex crimes against other persons is inadmissible for purposes of showing propensity. *State v. Atkinson*, 293 S.W.2d 941, 942 (Mo.1956); *State v. Young*, 661 S.W.2d 637, 639[6] (Mo.App. 1983). However, the evidence is admissible if it tends to establish motive, intent, identity, absence of mistake or accident, or a common scheme or plan. *State v. V— C—*, 734 S.W.2d 837, 842[1] (Mo.App.1987). The current trend is to liberally allow the admission of evidence of prior sex crimes under one or more of the preceding exceptions. *See State v. Taylor*, 735 S.W.2d 412 (Mo.App.1987).

In *State v. Smith*, 694 S.W.2d 901 (Mo. App.1985), the court held evidence that the defendant had performed deviate sexual acts on one of his foster children was admissible in his trial for the deviate sexual

assault of another of his foster children. The court found the evidence "established a common scheme or plan by [defendant] to sexually molest young boys entrusted to his care." *Id.* at 902[2]. In *State v. V— C—*, 734 S.W.2d at 843[2], the court allowed evidence of a father's committing sodomy on his son in his trial for sodomizing his daughter under the common scheme or plan exception. The court found the evidence showed a common scheme or plan whereby defendant used violence to force his children to submit to his sexual demands. *Id.*

▮ In this case, the similarities between the crime for which defendant was on trial and the prior crime include the following: both sexual acts were performed on small girls of the same approximate age, and both were committed while the child was in defendant's home watching television with him. *See Phelps v. State*, 279 S.E.2d 513, 514[4] (Ga.App.1981) (sexual molestation of young children regardless of sex or type of act, is sufficiently similar to be admissible). A comparison of the facts of this case with the prior cases examining this issue leads us to conclude the disputed evidence was admissible under the common scheme or plan exception.

▮ The question of whether the evidence was unreliable because its source was the defendant's estranged wife is an issue of credibility. The circumstances surrounding the occurrence and defendant's relationship with his wife were before the jury, and it was up to the jury to determine Mrs. Kerr's credibility as a witness.

In his second point, defendant argues the evidence was insufficient to support a conviction and a directed verdict should have been granted because the testimony of the victim was contradictory, unconvincing and lacked corroboration.

▮ An examination of the record discloses some equivocation on K.M.'s part regarding the incident. However, we do not find these deficiencies to be fatal to the State's case. We note that the victim was only three and one-half years old at the time of the offense and four and one-half years old at the time of trial. Her story regarding what "Paul's dad" did to her never changed from the day of the occurrence until the day of trial. Under the circumstances, we find the evidence was sufficient to go to the jury without corroboration. *See State v. Bagby*, 734 S.W.2d 518, 520[4] (Mo.App.1987). Moreover, the child's testimony was corroborated by evidence of erythema in the vaginal area. *See State v. Moore*, 721 S.W.2d 141, 143 (Mo. App.1987).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.