**Arthur Lee FORD, Appellant,**

v.

**William ARMONTROUT, Appellee.**

Nos. 89–2277, 90–1619.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1990.

Decided Oct. 11, 1990.

458

Andrew M. Burns, St. Louis, Mo., for appellant.

Stephen D. Hawke, Jefferson City, Mo., for appellee.

Before FAGG and BEAM, Circuit Judges, and WOODS,* District Judge.

HENRY WOODS, District Judge.

## I. FACTS

During the early morning hours of September 28, 1980, a woman accepted a ride home from an East St. Louis, Illinois lounge with a man she later identified as the petitioner. When she entered the automobile, later determined to have been stolen, she noticed two other men in the back seat, one of whom put a pistol to her head. Petitioner then drove her to a remote area of St. Louis, Missouri where she was repeatedly raped and sodomized. Apparently fearing the arrival of the police, the men fled on foot, throwing an object into the

---

* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

automobile and causing it to catch fire. The woman was able to crawl from the burning automobile.

Police officers in the area discovered the burning automobile and the victim nearby. She gave a description of her assailants, which was broadcast over the police radio. Petitioner was found a short time later in a nearby industrial area. He was arrested and immediately taken to the scene of the attack. By this time, the woman had been placed in an ambulance. Petitioner stood in the light of the ambulance and police car, and was quickly identified as one of the assailants.

On December 18, 1981, approximately fourteen months after he was arrested, petitioner was convicted of three counts of forcible rape, one count of sodomy, and one count of first degree assault. The Missouri Court of Appeals affirmed. *State v. Ford*, 677 S.W.2d 352 (Mo.App.1984). A subsequent request for post-conviction relief was denied by the trial court and affirmed on appeal. *Ford v. State*, 748 S.W.2d 837 (Mo.App.1988). Pursuant to 28 U.S.C. § 2254, he thereafter filed a petition for writ of habeas corpus with the district court.[1] He now appeals the district court's denial of his petition.

Shortly after submitting his appellate brief, petitioner filed a Fed.R.Civ.P. 60(b) motion in the district court seeking relief on the basis of "newly discovered evidence." The motion was supported by an affidavit from Yasmine Hodge, an alibi witness. The district court denied the motion. Approximately ninety-two days later, petitioner submitted a request for leave to file an untimely notice of appeal. The request was granted. He also appeals the ruling on his Rule 60(b) motion. We affirm on both appeals.

## II. IN–COURT IDENTIFICATION

Petitioner first alleges that the victim's in-court identification of him was the result of an impermissibly suggestive procedure. This point requires a two-step analysis.

A court first must determine whether the confrontation between suspect and witness was impermissibly suggestive. If so, the court must ascertain under the totality of the circumstances whether the confrontation created a "very substantial likelihood of irreparable misidentification." *Manson v. Brathwaite*, 432 U.S. 98, 116, 97 S.Ct. 2243, 2253–2254, 53 L.Ed.2d 140 (1977). [Footnote omitted]. *Hulsey v. Sargent*, 821 F.2d 469, 473 (8th Cir.1987). Such an analysis "reflects the fact that not all impermissibly suggestive confrontations give rise to a substantial likelihood of irreparable misidentification." *Id.*

 In a federal habeas corpus proceeding, a federal court must accord the state court findings of fact a high measure of deference. *Vinston v. Lockhart*, 850 F.2d 420, 424 (8th Cir.1988) (challenge to pre-trial identification procedure). The Missouri Court of Appeals made detailed findings of fact, which are fairly supported by the record. The findings are presumed correct pursuant to 28 U.S.C. § 2254(d). We assume, as did the district court, that the identification of petitioner at the scene was unnecessarily suggestive. It does not follow, however, that the victim's in-court identification was unreliable. She had ample opportunity to view petitioner in the lounge, outside the lounge, in the automobile during the drive, and in the automobile during the attack. Her description of the assailants was not inaccurate. She did not hesitate in her identification of petitioner. The confrontation took place less than twenty minutes after the attack occurred. The totality of the circumstances establishes that the confrontation did not create a substantial likelihood of irreparable misidentification.

## III. EVIDENCE OF OTHER CRIMES

 Petitioner also challenges the decision of the trial court to admit evidence that he and the two other men stole the automobile belonging to Michael Page, in

---

**1.** The Honorable George F. Gunn, United States District Judge for the Eastern District of Missouri.

which the woman was raped and sodomized. Questions concerning the admissibility of evidence are matters of state law and are reviewable in a federal habeas corpus proceedings only when the alleged error infringed upon a specific federal constitutional right or is so grossly or conspicuously prejudicial that it fatally infected the trial and denied petitioner fundamental fairness. *Wood v. Lockhart*, 809 F.2d 457, 459–60 (8th Cir.1986). Because petitioner has not identified such a specific federal constitutional right, we must determine whether the alleged error was so grossly or conspicuously prejudicial that it fatally infected his trial.

It was undisputed that the attack occurred in the automobile stolen from Mr. Page. The State offered the challenged evidence to establish that petitioner was one of the men who stole the automobile, despite his assertion that he was not involved in the attack. We agree with the Missouri Court of Appeals that the evidence was relevant and thus properly admitted to establish "the identification of [petitioner] as one of the [assailants]." *State v. Ford*, 677 S.W.2d at 355.[2]

## IV. SPEEDY TRIAL

■ Petitioner next maintains that he was denied the right to a speedy trial. He made a similar factual challenge in the state trial and appellate courts, but the legal foundation for the challenge was that the State had violated his Missouri speedy trial right created by "former 545.780 RSMo 1978 (repealed June 7, 1984)." *Id.* In his habeas petition he contends that the State violated his sixth amendment right to a speedy trial.

In *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the United States Supreme Court held that a federal court should not reach the merits of a petitioner's habeas corpus claim if he has failed adequately to present it to a state court. In order for a claim to have been adequately presented to a state court for procedural purposes in a habeas proceeding, the same facts and legal theories in support of the claim must be advanced in both state and federal court. *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 n. 8 (8th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 3176, 104 L.Ed.2d 1037 (1989) (citing *Picard v. Connor*, 404 U.S. 270, 277, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). Because his sixth amendment theory was not presented in the state courts, such a contention is now procedurally barred unless petitioner shows "cause" and "prejudice." He has shown neither.

## V. EFFECTIVE ASSISTANCE OF COUNSEL

■ Petitioner maintains that he was denied the effective assistance of counsel since his trial attorney failed to subpoena an alibi witness who could have exonerated him. This contention is governed by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which articulated a two-part test for resolving such challenges. First, petitioner must demonstrate that his attorney's representation fell below an objective standard of reasonableness under the circumstances. Second, petitioner must establish that the alleged error was so prejudicial that there is a reasonable probability it would have changed the result of his trial. This twofold showing is required to overcome the strong presumption that counsel rendered constitutionally sufficient representation. *Beans v. Black*, 757 F.2d 933, 936 (8th Cir.), *cert. denied,* 474 U.S. 979, 106 S.Ct. 381, 88 L.Ed.2d 334 (1985).

■ We have examined the record and are left with the firm conviction that counsel's performance was not defective. The underlying facts in regard to counsel's performance are entitled to the presumption of correctness under 28 U.S.C. § 2254(d), if fairly supported by the record. *Laws v. Armontrout*, 863 F.2d 1377, 1381 (8th Cir. 1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1944, 104 L.Ed.2d 415 (1989). Petitioner told his attorney about Yasmine Hodge, a purported alibi witness. We credit the state appellate court's finding that at the

---

**2.** Were we to assume, however, that the evidence was erroneously admitted, we would be unable to say, given the evidence of his guilt, that the error was so grossly or conspicuously prejudicial that it fatally infected his trial.

time of the trial, Mrs. Hodge would not have supplied an alibi and did not want to testify. Thus it cannot be said that counsel's performance fell below an objective standard of reasonableness under the circumstances.[3]

## VI. RULE 60(b) MOTION

Petitioner also appeals the district court's denial of his 60(b) motion. Given the ninety-two day delay in filing a notice of appeal, we find that we have no jurisdiction over this appeal. Alternatively, we agree with the district court that the statements contained in the affidavit of the alibi witness, Yasmine Hodge, do not constitute "newly discovered" evidence. We are also convinced that, given the evidence of petitioner's guilt, the testimony of this witness would not " 'probably produce an acquittal on retrial.' " *Dumond v. Lockhart*, 885 F.2d 419, 421 (8th Cir.1989), (quoting *Mastrian v. McManus*, 554 F.2d 813, 823 (8th Cir.1977), *cert. denied*, 433 U.S. 913, 97 S.Ct. 2985, 53 L.Ed.2d 1099 (1977)).

The orders denying the habeas petition and the motion for a new trial are affirmed.

---

**3.** We would note that, assuming counsel's performance was defective, petitioner cannot satisfy the other prong of the *Strickland* test because the evidence of his guilt is substantial. We are not convinced that this testimony would have changed the result of the trial.