Larry GRIFFIN, Appellant,

v.

Paul DELO, Appellee.

No. 90–2377.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1991.
Decided Oct. 11, 1991.

**1358**

Daniel J. Gralike, Clayton, Mo., argued, for appellant.

Frank A. Jung, Jefferson City, Mo., argued (William A. Webster, on brief), for appellee.

Before BEAM and FLOYD R. GIBSON, Circuit Judges, and URBOM,* Senior District Judge.

URBOM, Senior District Judge.

Larry Griffin appeals from a judgment of the district court[1] denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We affirm.

Griffin was convicted of capital murder pursuant to § 565.001 R.S.Mo. (1978) and was sentenced to death. The Supreme Court of Missouri affirmed the conviction

and sentence on appeal. *State v. Griffin,* 662 S.W.2d 854 (Mo. banc 1983), *cert. denied,* 469 U.S. 873, 105 S.Ct. 224, 83 L.Ed.2d 153 (1984). Griffin's motion for post-conviction relief was denied. *Griffin v. State,* 748 S.W.2d 756 (Mo.App.1988). His petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 was denied by Judge Filippine, who adopted the magistrate judge's report and recommendations.[2]

Arguing for reversal, Griffin states that (1) he was denied due process by the admission of testimony from the victim's mother regarding telephone threats she purportedly received, (2) he received ineffective assistance of counsel when his attorney failed to object to the threat testimony and failed to contact, interview, or call a certain witness, (3) he was denied his right to confront an adverse witness when the trial court admitted hearsay testimony, and (4) he was denied due process when the prosecutor knowingly used perjured hearsay testimony.

I. Threat Testimony

At the trial the state called the victim's mother as a witness to testify that she received anonymous threats over the telephone prior to her son's death. *State v. Griffin,* 662 S.W.2d 854, 859 (Mo. banc 1983). These threats were never directly or indirectly linked to the appellant.

 Two independent grounds exist for affirming the district court's disposition of this claim. The procedural ground is that there was no timely objection at the trial and no request to strike the testimony, whereupon the petitioner has defaulted on this claim. *Benson v. State,* 611 S.W.2d 538 (Mo.App.1980). Accordingly, the petitioner cannot receive federal habeas corpus relief unless he shows both cause and actual prejudice for his procedural default. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct.

---

* The Honorable Warren K. Urbom, United States Senior District Judge for the District of Nebraska, sitting by designation.

**1.** The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

**2.** The Honorable David C. Noce, United States Magistrate Judge for the Eastern District of Missouri.

2497, 53 L.Ed.2d 594 (1977); *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Neither cause nor actual prejudice has been shown or attempted to be shown.

■ The substantive ground for denying relief is that admissibility of evidence is a matter of state law and generally does not give rise to constitutional error subject to redress in a federal habeas corpus case. *Harrison v. Dahm,* 880 F.2d 999, 1001 (8th Cir.1990). An evidentiary question is reviewable "only when the alleged error infringes a specific constitutional right or is so grossly or conspicuously prejudicial that it fatally infected the trial and denied petitioner fundamental fairness." *Ford v. Armontrout,* 916 F.2d 457, 460 (8th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1594, 113 L.Ed.2d 657 (1991). The appellant has failed to show that the admission of the victim's mother's testimony was so egregious as to have infected the entire trial fatally and thereby make it fundamentally unfair. *Hamilton v. Nix,* 809 F.2d 463, 470 (8th Cir.1960), *cert. denied,* 483 U.S. 1023, 107 S.Ct. 3270, 97 L.Ed.2d 768 (1987). This ground for relief is without merit.

## II. Ineffective Assistance of Counsel

Appellant contends that he received ineffective assistance of counsel when his trial counsel failed to object to the victim's mother's testimony concerning telephone threats she received prior to her son's death. We disagree. The record discloses a proper and timely objection was not made by appellant's counsel, nor was a proper motion to strike made of the answer. *Griffin,* 662 S.W.2d at 859. However, on a motion for rehearing the Missouri Court of Appeals found that it need not address the claim of ineffective assistance of counsel, because the appellant failed to show how he was prejudiced. *Griffin,* 748 S.W.2d at 761. A claim of ineffective assistance of counsel is reviewed under the two-prong

standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the appellant must demonstrate that counsel's performance was deficient, and second, that such deficient performance prejudiced the appellant's defense. *Id.* at 687, 104 S.Ct. at 2064; *Williamson v. Jones,* 936 F.2d 1000, 1004 (8th Cir.1991).

■ As to the first prong, there must be a showing that the attorney did not render reasonably effective assistance. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064–65. In conducting such a review we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065. The second prong requires appellant to demonstrate with reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

■ The Missouri Court of Appeals found that appellant's trial counsel had filed a motion in limine to exclude the victim's mother's testimony regarding the threats and that the motion was denied. *Griffin,* 748 S.W.2d at 761.[3] Moreover, no evidence was ever presented to link appellant to the threats. *Id.* Given those facts, even if counsel failed to object to the testimony at trial, we find that his performance amounted to reasonable trial strategy, was not deficient, and no prejudice has been shown.

■ The appellant further alleges ineffective assistance of counsel because his attorney failed to contact, interview, or call Robert Campbell as a witness who could allegedly refute damaging testimony of other witnesses. However, as explained below, the reasonable strategic and tactical decisions made by trial counsel cannot be the basis for finding ineffective assistance of counsel. *Strickland,* 466 U.S. at 690–691, 104 S.Ct. at 2065–66.

---

**3.** By a pro se letter dated August 5, 1991, the petitioner has said that the finding by the Missouri Supreme Court was in error, because "A search of the legal file reflects that a motion in limine was filed on June 22, 1981, this pleading

did not address this issue in any form." Title 28, § 2254(d) requires that we presume the finding of the state court to be correct unless one of eight conditions obtains. None of those conditions has been shown to exist.

■ The trial strategy of the appellant's counsel was revealed at an evidentiary hearing, where he testified that the appellant's defense was one of alibi and more likely to succeed by keeping Campbell out of the courtroom with a motion in limine, but the motion was denied. *Griffin*, 748 S.W.2d at 759. It was counsel's opinion that Campbell's testimony could only implicate the appellant in an earlier attempt on the victim's life. *Id.* at 758. In that earlier incident in which Campbell was shot, he identified the vehicle from which his assailant alighted as one in which Griffin was soon thereafter apprehended. *Id.* Given such circumstances, trial counsel's actions in attempting to keep Campbell out of the courtroom were clearly trial strategy of a reasonable nature, and we find that counsel's assistance was not ineffective.

### III. Confrontation of Witnesses

■ The appellant argues that the district court erred in finding that the appellant was not denied his constitutional right under the sixth amendment to the United States Constitution to confront an adverse witness whose testimony was presented through admissible hearsay. We agree with the district court that the appellant did not present that argument to the state courts for review. It is procedurally barred from review here.

The argument as raised on direct appeal to the Missouri Supreme Court was that the police officer's testimony "was irrelevant and its probative value was outweighed by its inflammatory and prejudicial nature." *State v. Griffin*, 662 S.W.2d at 857. His argument before this court is that his constitutional right of confrontation was denied by the receipt of that testimony. The two theories are not the same, and the substance of the appellant's federal habeas corpus claim was not previously presented to the state courts. *See Buckley v. Lockhart*, 892 F.2d 715, 719 (8th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 3243, 111 L.Ed.2d 753 (1990). The appellant has made no showing of any cause for the default or actual prejudice and the claim is procedurally barred.

*Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

### IV. Due Process

■ The last claim is that the district court erred in finding no denial of due process by the prosecutor's use of testimony allegedly known to be false. The appellant asserts that the prosecutor used hearsay statements of police officers to determine that Robert Campbell, after being shot, identified the appellant as his assailant, and purposefully did not call Campbell as a witness because the prosecutor knew his testimony would contradict the police officers' testimony. While a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, *United States v. Agurs*, 427 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976), a challenge to evidence through another witness or prior inconsistent statements is insufficient to establish prosecutorial use of false testimony. *United States v. White*, 724 F.2d 714, 717 (8th Cir.1984), *cert. denied*, 489 U.S. 1029, 109 S.Ct. 1163, 103 L.Ed.2d 221 (1989) (citing with approval *United States v. Sutherland*, 656 F.2d 1181, 1203 (5th Cir.1981), *cert. denied*, 455 U.S. 949, 102 S.Ct. 1451, 71 L.Ed.2d 663 (1982)).

■ Griffin's allegation as to what Campbell's testimony would have been, had he testified, is wholly conjecture. The hearsay testimony in question was clearly admissible under the excited utterance exception and, therefore, bore a degree of trustworthiness. The prosecution's use of the police officers' hearsay testimony was not fundamentally unfair to the appellant. Furthermore, appellant has failed to show that the testimony was known to have been false or that the prosecutor's conduct was so egregious in the context of the entire trial that it rendered the trial fundamentally unfair. We find no denial of due process.

Having fully examined all of the appellant's allegations of error, we conclude that the decision of the district court denying habeas relief was correct.

Accordingly, we affirm the order of the district court.