William Matthew KERR, Appellant,

v.

Paul D. CASPARI, Appellee.

No. 90–2954.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1991.

Decided Feb. 7, 1992.

Rehearing Denied March 17, 1992.

Newton G. McCoy, St. Louis, Mo., argued for appellant.

Frank A. Jung, Jefferson City, Mo., argued (William L. Webster and Frank A. Jung, on the brief), for appellee.

Before BOWMAN, Circuit Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

William Matthew Kerr, a Missouri prisoner convicted of sodomizing a three-and-a-half year old girl, appeals the district court's [1] judgment denying his petition for a writ of habeas corpus. Kerr contends that the conviction violated his due process rights because evidence of a prior act of child sex abuse was admitted at the trial and because the State's evidence was constitutionally insufficient to convict. We affirm.

1. The HONORABLE GEORGE F. GUNN, JR., United States District Judge for the Eastern Dis-   trict of Missouri.

## I.

On the morning of February 17, 1987, the victim left her house and walked two houses down the street to play with Kerr's son, Paul. She returned home about twenty minutes later and told her mother that Paul had not been home but that Paul's dad had given her peanuts and candy. Later that day, she told her mother that her bottom hurt and that "Paul's dad put his finger in my bottom." Her parents called the police and took her to the hospital. The medical report diagnosed "[p]ossible sexual abuse—digital manipulation most likely." Kerr was arrested that night and charged with sodomy.

At the trial a year later, the victim testified that she went into Kerr's house and sat on "Paul's dad['s]" lap to watch Mr. Rogers on TV, but when asked what happened she replied, "I don't know." She later testified that her bottom had hurt because "Paul's dad" had touched her and pointed to the vagina on an anatomically correct doll when asked where she had been touched. However, she was repeatedly unable to identify Kerr as "Paul's dad," even after saying that she knew him. Later in the State's case, the victim's mother recounted her daughter's statements on the day of the incident, and the State introduced the medical report through its custodian.

The State's most controversial witness was Kerr's wife, who testified that in October 1985 she observed Kerr molesting a young girl in their living room while the Kerrs were babysitting another neighbor's children. Kerr's relevancy objection was overruled, and his counsel then cross-examined Mrs. Kerr vigorously about her failure to report this prior incident for well over a year, the Kerrs' pending acrimonious divorce proceedings, and her alleged threat "to do anything I can to put [Kerr] in jail."

Kerr's defense included testimony by an employee of Kerr that his wife had expressed a desire to have him put in jail so that she could get a greater share of the marital property. Kerr also testified in his own defense. He stated that he had left his house before the victim arrived, consistent with the testimony of other defense witnesses, and he denied molesting the other child two years earlier.

The jury convicted Kerr of sodomy. He was sentenced to five years in prison, and the Missouri Court of Appeals affirmed his conviction. *State v. Kerr,* 767 S.W.2d 344 (Mo.App.1989). He then sought a writ of habeas corpus, arguing that his wife's testimony of the prior incident was so prejudicial that it deprived him of due process [2] and that the trial evidence was constitutionally insufficient to support the jury's verdict. Adopting the magistrate judge's [3] Report and Recommendation, the district court denied Kerr's petition, and this appeal followed.

## II.

Kerr argues that the trial judge's decision to allow his estranged wife to testify to a prior act of child sex abuse deprived him of due process. Treating us to a lengthy review of Missouri state court decisions on the admissibility of other crimes evidence, Kerr urges us to conclude that the Missouri Court of Appeals erred in holding that Mrs. Kerr's testimony fell within the "common scheme or plan" exception to Missouri's rule that evidence of similar sex crimes is inadmissible.

This argument fundamentally misconceives our habeas corpus jurisdiction. As

---

**2.** The State argues that we should not consider the merits of Kerr's prior acts/due process claim because he did not raise it in his pro se petition to the district court. However, in his subsequent brief to the district court, Kerr did argue that he was denied his Fifth and Fourteenth Amendment rights when the trial court admitted his wife's testimony. Therefore, we conclude that Kerr adequately raised the claim below. *Compare Frank v. Brookhart,* 877 F.2d 671, 676 n. 2 (8th Cir.1989), *cert. denied,* 493

U.S. 1027, 110 S.Ct. 736, 107 L.Ed.2d 754 (1990). And in any event, we have substantial discretion to determine whether to consider an issue raised for the first time on appeal. *See Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877–78, 49 L.Ed.2d 826 (1976).

**3.** The HONORABLE DAVID D. NOCE, United States Magistrate Judge for the Eastern District of Missouri.

the Supreme Court has recently reiterated, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, —— U.S. ——, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). To establish a due process violation warranting federal habeas relief, Kerr must prove that the error was "so 'gross' ... 'conspicuously prejudicial' ... or otherwise of such magnitude that it fatally infected the trial and failed to afford [appellant] the fundamental fairness which is the essence of due process." *Rainer v. Department of Corrections*, 914 F.2d 1067, 1072 (8th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 993, 112 L.Ed.2d 1077 (1991).[4]

■ The Missouri courts have consistently recognized that evidence of prior acts of child sex abuse is inherently prejudicial and should be inadmissible unless it tends to establish an element of the crime charged, such as "motive, intent, identity, absence of mistake or accident, or a common scheme or plan." *State v. Kerr*, 767 S.W.2d at 345. The rationale adopted in particular cases has varied somewhat, as the Missouri courts struggled with whether to accept what has been called the "depraved sexual instincts doctrine," which recognizes the probative value of some types of past aberrational conduct in determining whether an accused is guilty of the crime charged. *See State v. Lachterman*, 812 S.W.2d 759, 765–769 (Mo.App.1991). However, it is apparent from a review of the recent decisions that such evidence is not admissible in Missouri absent a determination that "the prejudicial effect of the evidence is outweighed by its probative value." *State v. Courter*, 793 S.W.2d 386, 389 (Mo.App.1990). That is a constitutionally appropriate inquiry. *See Estelle v. McGuire*, 112 S.Ct. at 481; *Spencer v. Texas*, 385 U.S. 554, 575–576, 87 S.Ct. 648, 659–660, 17 L.Ed.2d 606 (1967) (dissenting opinion of Chief Justice Warren). And its application in this case was not "so arbitrary or capricious as to constitute an independent due process ... violation." *Lewis v. Jeffers*, 497 U.S. 764, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990). Thus, the district court properly rejected this claim.[5]

### III.

■ Kerr next contends that the evidence at trial was insufficient to support his conviction. We review this claim only on the exceedingly narrow constitutional standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979):

> [T]his inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(emphasis in original). *See also Carlson v. State*, 945 F.2d 1026, 1029 (8th Cir.1991).

Kerr's argument rests on the victim's inability to identify him from the stand at trial and on the lack of conclusive medical evidence of sexual abuse. Looking at the evidence in the light most favorable to the

---

4. Quoting *Mercer v. Armontrout*, 844 F.2d 582, 587 (8th Cir.), *cert. denied*, 488 U.S. 900, 109 S.Ct. 249, 102 L.Ed.2d 238 (1988). *See also Griffin v. Delo*, 946 F.2d 1356, 1359 (8th Cir. 1991); *Ford v. Armontrout*, 916 F.2d 457, 460 (8th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1594, 113 L.Ed.2d 657 (1991).

5. Our numerous decisions consistently denying habeas corpus relief to petitioners claiming improper admission of prejudicial testimony support this conclusion. *See, e.g., McCafferty v. Leapley*, 944 F.2d 445, 452–53 (8th Cir.1991) (expert testimony corroborating victim in child sexual abuse case); *Ford v. Armontrout*, 916

F.2d at 460 (evidence that petitioner stole car in which murder took place); *Rainer v. Department of Corrections*, 914 F.2d at 1072 (previous acts of violence toward petitioner's wives); *Mercer v. Armontrout*, 844 F.2d at 587 (evidence of prior arrest); *Sullivan v. State of Minnesota*, 818 F.2d 664, 666–67 (8th Cir.), *cert. denied*, 484 U.S. 862, 108 S.Ct. 178, 98 L.Ed.2d 131 (1987) (videotape corroborating victim in child sexual abuse case); *Wood v. Lockhart*, 809 F.2d 457, 459–60 (8th Cir.1987) (evidence of incestuous relationship between petitioner and victim's wife); *Ellis v. Black*, 732 F.2d 650, 656–57 (8th Cir.1984) (prior incidents of violence).

prosecution, as we must, we cannot say that the jury returned an irrational verdict. On direct appeal, the Missouri Court of Appeals squarely rejected Kerr's sufficiency of the evidence argument, stating:

We note that the victim was only three and one-half years old at the time of the offense and four and one-half years old at the time of trial. Her story regarding what "Paul's dad" did to her never changed from the day of the occurrence until the day of trial. Under the circumstances, we find the evidence was sufficient to go to the jury without corroboration. Moreover, the child's testimony was corroborated by evidence of erythema in the vaginal area.

767 S.W.2d at 346 (citations omitted). Under our much more restrictive constitutional standard of review, we can reach no other conclusion.

Accordingly, we affirm.