978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marrion LOGAN, Petitioner-Appellant,
v.
Richard B. GRAMLEY, Respondent-Appellee.
 No. 91-1637.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 21, 1992.*
Decided Oct. 23, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner Marrion Logan is serving two concurrent sentences of 200-600 years for murder and attempted murder. In this case, however, he seeks a writ of habeas corpus on a separate murder conviction of the same year--1976--for which he received a consecutive sentence of 50-100 years. 28 U.S.C. § 2254. The district court rejected his claims, and we affirm.
 
 I. JURY SELECTION
 
 2
 Logan begins with a two-pronged attack on the selection of the jury for his murder trial. Both prongs stem from the prosecutor's use of peremptory challenges to excuse seven of the eight black members of the venire. First, he alleges that the district court erred in refusing to apply the standards of Batson v. Kentucky, 476 U.S. 79 (1986) to his claim. The court, however, was simply following Allen v. Hardy, 478 U.S. 255 (1986), which held that Batson did not apply retroactively on collateral review of convictions, like Logan's, that became final before Batson was announced. Id. at 257-58. Logan asks us to overrule Allen because it prevents him from obtaining the same relief as the accused in Batson, though the facts in his case are allegedly similar. This, he says, conflicts with the principle of "Ubi eadem ratio, ubi eadum lex; et de similibus idem est judicium." ("Where the same reason exists, there the same law prevails; and, of things similar, the judgment is similar.") While this is certainly an apt recitation of one of the reasons for adhering to stare decisis, another more pertinent aspect of stare decisis is that this court may not overrule decisions of the Supreme Court, and the claim therefore fails.
 
 
 3
 Alternatively, Logan asserts that his Sixth Amendment right to an impartial jury was infringed by the prosecutor's misuse of peremptory challenges. This contention also founders on Supreme Court precedent. Holland v. Illinois, 493 U.S. 474 (1990) held that the prohibition on discriminatory use of peremptory challenges has no basis in the Sixth Amendment, as the fair cross-section requirement applies only to the selection of the venire, not the petit jury. Id. at 478. Since there is no argument that the venire was chosen improperly, petitioner cannot state a Sixth Amendment claim.
 
 II. INEFFECTIVE ASSISTANCE OF COUNSEL
 
 4
 Logan next argues that his trial and appellate attorneys were constitutionally ineffective because they failed to object to the government's alleged misuse of peremptory challenges. This claim was not raised before the district court, and is therefore waived absent plain error. Garlington v. O'Leary, 879 F.2d 277, 282 (7th Cir.1989). No such error is evident here, as at the time of trial Swain v. Alabama, 380 U.S. 202 (1965), governed peremptory challenges, and petitioner admits that a Swain challenge would have been fruitless. Appellant's Reply Brief at 1.
 
 III. SPEEDY TRIAL
 
 5
 Logan's final claim is that he was denied a speedy trial in violation of the Illinois speedy trial statute, Ill.Rev.Stat. ch. 38, § 103-5, and the Sixth Amendment. The Illinois claim falters because federal habeas corpus relief is unavailable for mere errors of state law. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). The Sixth Amendment claim, having never been raised before the state court, is procedurally defaulted. See Verdin v. O'Leary, 972 F.2d 1467 (7th Cir.1992); Ford v. Armontrout, 916 F.2d 457, 460 (8th Cir.1990) (reliance on state speedy trial statute in state court was insufficient to fairly present the Sixth Amendment issue for habeas purposes), cert. denied, 111 S.Ct. 1594 (1991); see also Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam) ("It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made.") Thus Logan may raise his speedy trial claim now only by showing cause and prejudice. United States ex rel. Sullivan v. Fairman, 731 F.2d 450, 452 n. 2 (7th Cir.1984). Since he has not attempted to prove either, the claim fails. Pierson v. O'Leary, 959 F.2d 1385, 1395 n. 4 (7th Cir.), cert. denied, 1992 U.S.LEXIS 5202 (1992).
 
 
 6
 For the reasons given, the district court's denial of Logan's petition is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record