**Robert Earl McCOY, Appellee,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellant.**

**No. 91–2856.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 4, 1992.

Decided Dec. 1, 1992.

Rehearing Denied Jan. 28, 1993.

Jack W. Gillean, Little Rock, Ark., argued (Kelly K. Hill, on the brief), for appellant.

Thomas M. Davis, Little Rock, Ark., argued, for appellee.

Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.

BOWMAN, Circuit Judge.

We have before us the state's appeal of the judgment of the District Court[1] granting the petition of Robert Earl McCoy, a state prisoner convicted of rape, for a writ of habeas corpus. After briefing and argument by the parties, we issued an opinion remanding the case for a determination under the "clear and convincing" standard of *Sawyer v. Whitley*, —— U.S. ——, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992), whether McCoy's procedurally defaulted window-entry evidence, which had been used by the District Court as a basis for the finding of ineffective assistance which underlay its grant of habeas relief, was properly available for that purpose. *McCoy v. Lockhart*, 969 F.2d 649 (8th Cir.1992).[2] As a preliminary matter, we held that McCoy had not shown cause for his procedural default;

---

1. The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, presided over the proceedings in the District Court with the consent of the parties pursuant to 28 U.S.C. § 636(c) (1988 & Supp. II 1990).

2. The background of the case is set forth in the cited opinion and will not be repeated here.

thus the merits of the procedurally defaulted window-entry claim could be addressed only if the failure to do so would result in a miscarriage of justice. *Id.* at 650–51.

On remand, the Magistrate Judge[3] applied the *Sawyer* standard and concluded that McCoy's window-entry evidence does not clearly and convincingly demonstrate that no reasonable factfinder could have found McCoy guilty of rape. The Magistrate Judge noted that under Arkansas law the testimony of the victim would be sufficient to support the conviction. He also noted that the state trial court[4] based its finding of guilt on the victim's testimony and discounted any significance regarding the mode of entry into her apartment. Accordingly, the Magistrate Judge concluded that the *Sawyer* standard for overcoming a procedural default is not satisfied in this case.

■ The Magistrate Judge has certified his findings and conclusions to us in accordance with our order of remand. Having carefully reviewed these findings and conclusions, we believe they must be sustained. We agree that the window-entry evidence, although of some help to McCoy, does not show clearly and convincingly "that but for constitutional error ... no reasonable [factfinder] would have found him [guilty under the applicable state law]." *Sawyer*, —— U.S. ——, 112 S.Ct. at 2525. Rather, regardless of McCoy's mode of entry into the victim's apartment, a reasonable factfinder applying Arkansas law could have found McCoy guilty of rape based solely on the victim's testimony that through intimidation and force McCoy subjected her, against her will, to acts of both oral and vaginal sex. It follows that the "miscarriage of justice" exception does not apply to McCoy's procedurally defaulted window-entry claim. Consequently, that claim may not be addressed in a federal habeas proceeding. *See Murray v. Carrier*, 477 U.S. 478, 495, 106 S.Ct. 2639, 2649,

91 L.Ed.2d 397 (1986) (merits of state prisoner's procedurally defaulted claim, where cause and prejudice are not shown, may be addressed in federal habeas proceeding only if failure to do so would result in " 'miscarriage of justice.' ") (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982)).

When this case previously was before the Magistrate Judge, which was at a time prior to *Sawyer*, he considered the merits of the window-entry claim and held that the failure of McCoy's trial counsel to investigate and introduce evidence regarding this claim, taken together with trial counsel's failure to introduce evidence of an alleged key to the victim's apartment that McCoy claimed the victim gave him, amounted to constitutionally ineffective assistance of counsel. On remand, however, having ruled that the procedurally defaulted window-entry claim is not cognizable under the "clear and convincing" standard of *Sawyer*, the Magistrate Judge necessarily has withdrawn that conclusion.

■ This leaves for our determination only the question whether trial counsel's failure to introduce evidence concerning the alleged key to the victim's apartment was, without more, ineffective assistance of counsel in violation of the Sixth Amendment.[5] The Magistrate Judge took the view that the evidence concerning the key provided circumstantial evidence in support of McCoy's defense that everything that transpired between him and the victim was consensual, and that counsel had no reasonable basis for not introducing this evidence. Based on our review of the record, we believe, as argued by the state, that the Magistrate Judge erred in reaching this conclusion.

Under the now-familiar standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to prevail on an ineffective assistance claim the petitioner must prove that (1) his attor-

---

3. *See* footnote 1.

4. McCoy, against the advice of his attorney, waived his right to trial by jury, and was convicted in a bench trial.

5. The claim of ineffective assistance based on trial counsel's failure to introduce evidence concerning the alleged key was raised in the state courts and is not procedurally defaulted.

ney's action was, when viewed in the totality of circumstances, unreasonable and (2) his case was prejudiced because there is a reasonable probability that, but for counsel's error, the result of the trial would have been different. The petitioner has the burden of overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065. This presumption is intended to eliminate the distorting effects of hindsight. *Id.* "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690, 104 S.Ct. at 2066.

Although McCoy told his trial counsel that the victim gave McCoy the key to her apartment and that he had the key in his possession when he went to her door, his trial testimony was that he knocked on the door and she opened it and let him in. At the evidentiary hearing before the Magistrate Judge, the officers who arrested McCoy in the victim's apartment on the night of the incident testified that they did not find a key in his possession. McCoy did not inform the officers that the victim had given him a key to the apartment. Nor did the police log and incident report mention a key. McCoy mentioned the key for the first time weeks after his arrest during a jailhouse interview with an investigator from the public defender's office. He produced the key and gave it to his trial counsel only after his pretrial release on bond. The key bore no identifying marks. Counsel's investigation revealed that the victim had vacated the apartment soon after the incident occurred and that the management of the apartment complex had installed a new lock; the old lock could not be found, so it was impossible to test the key in the lock. The most that the apartment manager could say about the key, when trial counsel showed it to her, was that it looked like a type of key used at the apartment complex and that it might have been a copy of a key issued to a tenant. In short, there was no way of definitely tying the key even to the apartment complex, much less to the particular apartment in question.

McCoy's trial counsel testified extensively at the evidentiary hearing, spelling out in considerable detail the reasons for his decision not to introduce the evidence concerning the key. In summary, these reasons were: (1) McCoy's story about having the key with him when he went to the victim's apartment could have been viewed by the factfinder as inconsistent with McCoy's trial testimony that he knocked on the door of the apartment and the victim let him in; (2) such a perceived inconsistency would have undermined the credibility of McCoy's defense that the victim consented to sexual activity with him; (3) there was a serious risk of impeachment by the arresting officers, which would further have undermined the credibility of McCoy's defense; (4) the evidence concerning the key was inherently weak because the key could not be tied to the victim's apartment, and also because McCoy did not make any mention of the key at the time of his arrest at that apartment on the night of the charged offense; (5) based on counsel's knowledge of the trial judge, he felt that in the event McCoy was convicted there was a risk the judge would impose a more severe sentence if he believed McCoy had fabricated the story about the key; and (6) rather than run the risks associated with introducing the key, the strategy of emphasizing the inconsistencies in the prosecution's case seemed a much more promising avenue for the defense.

Having carefully reviewed the record, we are not persuaded that trial counsel's decision, which clearly was a matter of deliberate trial strategy, was unreasonable. As we said in an earlier decision involving a claim of ineffective assistance of counsel, "This is the kind of judgment, right or wrong, that trial lawyers regularly make, and we are not convinced that it was incorrect." *Simmons v. Lockhart,* 915 F.2d 372, 378 (8th Cir.1990). Moreover, even if it could be shown that trial counsel's performance was not "within the range of constitutionally acceptable lawyering," *id.* at 379, in view of the weakness of the evidence of the key and the risks associated with its introduction, we do not believe

McCoy can show any constitutionally unacceptable prejudice from counsel's decision not to introduce this evidence. In terms of the *Strickland* standard, our review of the record gives us no reason to believe the result of the trial probably would have been different if this evidence had been introduced. We conclude that McCoy has failed to show that the assistance he received from his trial counsel was constitutionally ineffective.

Accordingly, the judgment entered by the Magistrate Judge granting McCoy's petition for habeas relief is reversed, and the case is remanded for the entry of judgment denying the petition.