**Daniel Albert SALKIL, Appellant,**

v.

**Paul DELO, Superintendent, Potosi Correctional Center; William Webster, Attorney General, Appellees.**

No. 92–1537.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1992.

Decided April 2, 1993.

Martin D. Warhurst, Kansas City, MO, argued, for appellant.

Frank A. Jung, Jefferson City, MO, argued, for appellees.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS S. ARNOLD, Circuit Judge.

PER CURIAM.

Following the death of Daniel Albert Salkil's wife, Salkil agreed to answer police

---

**3.** Walters has proceeded *pro se* throughout this litigation, so attorney fees are not in issue.

officers' questions. During questioning at the police station, Salkil stated that he wanted an attorney and the questioning ended. Salkil was released and no charges were brought. Later, while Salkil was in jail on different charges, Salkil's cellmate overheard Salkil say that he had his wife killed. The cellmate informed the police of Salkil's statement and the police placed the cellmate back in Salkil's cell to get additional information. Salkil then told the cellmate that he killed his wife. The state charged Salkil with murder and the cellmate testified to Salkil's incriminating statements at the jury trial. The jury convicted Salkil and the Missouri Court of Appeals affirmed the conviction. *State v. Salkil*, 649 S.W.2d 509, 516 (Mo.Ct.App.), *cert. denied*, 464 U.S. 1010, 104 S.Ct. 530, 78 L.Ed.2d 712 (1983). After Salkil exhausted his state post conviction remedies, *see Salkil v. State*, 760 S.W.2d 142 (Mo.Ct. App.1988), Salkil filed a 28 U.S.C. § 2254 habeas corpus petition. The district court denied the petition. Salkil appeals and we affirm.

█ Salkil contends the police violated his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to counsel by using an undercover agent to interrogate him after he invoked his right to counsel. We disagree. Because statements defendants make to undercover police cellmates are not the product of a "police-dominated atmosphere," *Illinois v. Perkins*, 496 U.S. 292, 296, 110 S.Ct. 2394, 2397, 110 L.Ed.2d 243 (1990), Salkil's Fifth Amendment privilege was not implicated in this case, *see id.* at 298, 110 S.Ct. at 2398; *Alexander v. Connecticut*, 917 F.2d 747, 751 (2d Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2831, 115 L.Ed.2d 1000 (1991) (Fifth Amendment right to counsel does not attach absent police-dominated interrogation). Further, because Salkil had not yet been charged with murder when he made the incriminating statements, his Sixth Amendment right to counsel was not violated. *Perkins*, 496 U.S. at 299, 110 S.Ct. at 2398.

█ Salkil also contends the admission of another state witness's testimony violat-

ed his due process rights because Salkil was given only four days notice that the witness would testify. A habeas petitioner is entitled to relief based on an alleged error in the admissibility of evidence if the error "was so grossly or conspicuously prejudicial that it fatally infected [the petitioner's] trial." *Ford v. Armontrout*, 916 F.2d 457, 460 (8th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1594, 113 L.Ed.2d 657 (1991). Here, because the Missouri Court of Appeals made detailed findings that Salkil received adequate notice to prevent unfair prejudice from the testimony, *see Salkil*, 649 S.W.2d at 514–15, we conclude Salkil is not entitled to habeas relief on this claim, *see Ford*, 916 F.2d at 459 (state court findings are presumed correct under § 2254(d)).

Accordingly, we affirm the district court's denial of Salkil's habeas petition.