Gilbert MENDOZA, Appellant,

v.

Walter LEAPLEY, Warden, South Dakota State Penitentiary; Mark W. Barnett, Attorney General, State of South Dakota, Appellees.

No. 93–1248.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 9, 1993.

Decided Sept. 24, 1993.

Larry F. Hosmer, Yankton, SD, argued, for appellant.

William J. Nevin, Asst. Atty. Gen., Pierre, SD, argued, for appellees.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Gilbert Mendoza, a South Dakota inmate, appeals the district court's[1] denial of his 28 U.S.C. § 2254 petition. We affirm.

In April 1990, a South Dakota grand jury charged Mendoza with two counts of first-degree rape involving the five year-old daughter of his live-in girlfriend. Prior to trial, Mendoza moved twice for the appointment of Dr. William Arbes, a psychologist, as an expert to testify that Mendoza's personality was inconsistent with that of a child rapist.

---

1. The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota.

The court denied both motions, concluding that Dr. Arbes's testimony would be inadmissible under South Dakota law. In November 1990, the jury convicted Mendoza of one count of first-degree rape. The court sentenced Mendoza to ten years imprisonment. On direct appeal, Mendoza raised only one issue—that the trial court denied him due process by denying his motion for the appointment of an expert psychologist and by not allowing the expert to be called as a witness. The South Dakota Supreme Court summarily affirmed, concluding that the appeal was meritless because the issue was "clearly controlled by settled South Dakota law or federal law" and "there clearly was not an abuse of discretion." *See State v. Mendoza,* 474 N.W.2d 905 (S.D.1991) (table). The district court considered the same issue in this section 2254 petition, and rejected it.

▇▇ Mendoza now argues that the trial court abused its discretion by refusing to appoint Dr. Arbes and that the trial judge did not follow proper procedures, thus violating his due process rights. Mendoza also argues that the trial court erred by concluding that Dr. Arbes's testimony was inadmissible. The admissibility of evidence, however, is a matter of state law and generally does not give rise to constitutional error subject to redress in a federal habeas corpus case. *Harrison v. Dahm,* 880 F.2d 999, 1001 (8th Cir.1989). An evidentiary question is reviewable "only when the alleged error infringes a specific constitutional right or is so grossly or conspicuously prejudicial that it fatally infected the trial and denied petitioner fundamental fairness." *Ford v. Armontrout,* 916 F.2d 457, 460 (8th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1594, 113 L.Ed.2d 657 (1991). The habeas petitioner must establish an error which demonstrates a violation of due process by a burden much greater than that required on direct appeal and even greater than the showing of plain error. *See Hicks v. Scurr,* 671 F.2d 255, 259 (8th Cir.1982), *cert. denied,* 459 U.S. 968, 103 S.Ct. 295, 74 L.Ed.2d 278 (1982).

▇▇ A state is constitutionally required to provide an indigent defendant with a requested expert witness only if the defendant shows "a reasonable probability that an expert would aid in his defense, and that denial of expert assistance would result in an unfair trial." *Little v. Armontrout,* 835 F.2d 1240, 1244 (8th Cir.1987), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2857, 101 L.Ed.2d 894 (1988). We agree with the district court's conclusion that Mendoza failed to show that he was convicted in an unfair trial. Mendoza was found guilty on the basis of the State's physical evidence and the victim's testimony. The State did not present psychological evidence, so Mendoza did not need an expert in order to respond to damaging evidence of the same type. We note that the trial court appointed a expert to assist Mendoza in understanding and rebutting the hair sample evidence that the State introduced at trial. We also conclude that Mendoza failed to show that there was a reasonable probability that the expert's testimony would have aided in his defense—a mere possibility of assistance from the expert is insufficient to warrant habeas relief. *See id.*

Accordingly, we affirm.