7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Christopher R. LEGEAR, Appellant,
v.
Crispus C. NIX, Appellee.
 No. 93-1283.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 17, 1993.
Filed: October 15, 1993.
 
 Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Christopher R. LeGear appeals from the District Court's[1] adoption of a Report and Recommendation by a United States Magistrate Judge[2] which advised the denial of Mr. LeGear's petition for writ of habeas corpus. We affirm.
 
 I.
 
 2
 In 1982 Christopher LeGear was convicted of first-degree murder for throwing his girlfriend, Donna Kresl, over a bridge and into the Missouri River. During his trial the defense called Dr. Robert Mitchell, a psychologist who had examined and written a report on Mr. LeGear. This report contains Dr. Mitchell's observations of Mr. LeGear, his history, his use of drugs, and a reference to a police report noting fifty-three contacts with the police. On cross-examination of Dr. Mitchell the prosecutor offered the report, Exhibit # 27, into evidence. Mr. Legear's counsel objected to its admission on the basis that it contained material not testified to, highly prejudicial material, and material without any probative value. The trial court overruled the objection.
 
 
 3
 The root of Mr. LeGear's petition for habeas is that the admission of this evidence was improper, that the trial counsel had failed to make the proper objections to Exhibit # 27, and that trial counsel's performance was ineffective. After hearing each party's arguments the Magistrate Judge, in a detailed Report and Recommendation, concluded that Mr. LeGear's petition should be denied. The District Court adopted the Report and Recommendation and denied the defendant's petition. Mr. LeGear appeals.
 
 II.
 
 4
 Mr. LeGear's trial counsel objected two times to the admission of Exhibit # 27, and both times counsel was overruled. This Court will not subject counsel to an intensive scrutiny involving conjecture and hindsight about what particular Rule of Evidence counsel should have cited. "Judicial scrutiny of counsel's performance must be highly deferential." Strickland v. Washington, 466 U.S. 668, 689 (1983). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. Mr. LeGear has not even approached the necessary showing. The appropriate evidentiary objection was made.
 
 
 5
 Even if the Iowa court erred by admitting Exhibit # 27, this would not in itself be a violation of the constitutional right to a fair trial. "[F]ederal habeas corpus relief does not lie for errors of state law...." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 112 S. Ct. 475, 480 (1991). The defendant has the burden of showing that some prejudice worked to "his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). Mr. LeGear did not meet this burden. Exhibit # 27 includes information about past bad acts of the defendant. The admission of evidence of bad acts, however, under all the circumstances of this case, did not fatally infect the entire trial because the evidence complained of was, on the whole, cumulative of other evidence against Mr. LeGear. State v. LeGear, 346 N.W.2d 21, 24 (Iowa 1984); see also McCoy v. Lockhart, 980 F.2d 1162, 1163 (8th Cir. 1992), cert. denied, 113 S. Ct. 3056 (1993); Kerr v. Caspari, 956 F.2d 788, 790 n.5 (8th Cir. 1992); Rainer v. Department of Corrections, 914 F.2d 1067, 1072 (8th Cir. 1990), cert. denied, 498 U.S. 1099 (1991). If there was an error, it did not rise to the level of a deprivation of due process.
 
 
 6
 The denial of the petition of writ for habeas corpus is affirmed.
 
 
 
 [1]
 The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa
 
 
 [2]
 The Honorable Celeste Bremer, United States Magistrate Judge for the Southern District of Iowa