16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Randall Millard LEVISTON, Appellant,
v.
Karen SHORTRIDGE, Appellee.
 No. 93-1561.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 11, 1993.
Filed: January 10, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Randall M. Leviston, a Nebraska inmate, appeals from the district court's order[1] denying his 28 U.S.C. Sec. 2254 petition. We affirm.
 
 
 2
 On July 29, 1988, in an Omaha park, Mike Lewis, a paid drug informant, approached Leviston three times on the same day inquiring if Leviston could get him drugs. Each time Leviston stated that he could not. The next day, Lewis asked Leviston three more times if Leviston knew where drugs could be purchased. On each occasion, Leviston denied knowing where Lewis could get any drugs. Early on the morning of July 31, 1988, after Lewis had again asked if Leviston could get him drugs, Leviston agreed to take him to purchase marijuana. The two drove from the park to a house of one of Leviston's friends. Leviston went inside and came back with marijuana. On August 5, 1988, Lewis approached Leviston at the park and asked Leviston if he could get Lewis some cocaine. Leviston agreed, and they drove to the same house. After going inside, Leviston came back with some cocaine. On August 20, 1988, Lewis contacted Leviston at the park. They discussed another drug purchase and drove to the same house where Leviston had gotten drugs previously for Lewis, but no one was home. After stopping at some other houses, Leviston found a house where he was able to get marijuana.
 
 
 3
 A jury convicted Leviston of three counts of delivery of controlled substances. The state court sentenced Leviston to consecutive sentences of one to two years on two counts and two to four years on one count. Leviston appealed. Relying on the recommendation of the Appellate Division of the District Court, the Nebraska Supreme Court affirmed the convictions. The court rejected Leviston's arguments that insufficient evidence existed to sustain his conviction, that the sentence imposed was excessive, and that the trial court erroneously ruled that he could not question Lewis as to whether Lewis had provided alcohol illegally to minors in the park.
 
 
 4
 Leviston then filed this habeas petition, raising the same arguments presented on his direct appeal. The district court appointed counsel and ordered the State to respond to the petition. After considering the State's response, the court addressed the merits and denied the petition.
 
 
 5
 In evaluating sufficiency of the evidence in habeas corpus petitions, we view the evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). We agree with the district court that sufficient evidence of Leviston's guilt exists to sustain his conviction. Besides Lewis's testimony concerning Leviston's activities, the prosecution introduced into evidence transcripts of tape recordings Lewis made on the three occasions he purchased drugs from Leviston. In addition, the jury heard testimony that after his arrest, Leviston admitted that he previously had acted as a "go-between" and bought drugs for close friends.
 
 
 6
 We also agree with the district court that the state trial court did not violate Leviston's Sixth Amendment right to confrontation when it refused to permit him to question Lewis about whether he illegally provided alcohol to minors in the park. The admissibility of evidence is a matter of state law and usually does not rise to constitutional error reviewable in a habeas corpus petition. Harrison v. Dahm, 880 F.2d 999, 1001 (8th Cir. 1989). We cannot conclude that "the alleged error infringed upon a specific federal constitutional right or is so grossly or conspicuously prejudicial that it fatally infected the trial and denied petitioner fundamental fairness." Ford v. Armontrout, 916 F.2d 457, 460 (8th Cir. 1990), cert. denied, 111 S. Ct. 1594 (1991).
 
 
 7
 Finally, the district court correctly concluded that the sentence imposed on Leviston was not excessive. We note that the state court could have imposed a sentence of fifty years imprisonment for the delivery of the cocaine and twenty years imprisonment on each count for delivery of the marijuana. In light of the possible sentences he could have received, we cannot conclude that the sentences imposed were excessive.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska